## SATIRA POSEY et al. v. E. G. EATON et al.

SALES, JUDICIAL. *Collateral attack. Administrator. Incompetency of judge who rendered the decree. Service of process.* Upon a bill filed by heirs to avoid a sale of ancestor's land under an administrator's bill to pay debts, it was held:

1. Where the decree, under which the sale was made, recites that the personal estate had been exhausted, such finding is conclusive upon a collateral attack, and will not be reviewed upon bill filed to avoid the sale.

2. The fact that the administrator was improperly appointed, another administrator of the same estate having been appointed by another court of this State, will not be inquired into, when the appointment is valid upon its face, the administrative action of the county court is conclusive upon collateral attack.

Posey *v.* Eaton.

3. That the judge, who, without objection, rendered the decree under which the sale was made, was of kin or counsel to parties, will not avoid the sale; his incompetency is waived, if unexcepted to at the time.

4. Where the original process has been lost or destroyed, and the decree and rule docket recite due service thereof upon the heirs, their uncorroborated denials of service, however positive, direct and confident, will not avoid the sale.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

BURTON & SON and L. B. HEADRICK for complainants.

KEY & RICHMOND and TOMLINSON FORT for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to remove a cloud from the title of complainants, to certain lands in Hamilton county. These lands belonged, in his life time, to John Brown, Jr., who died in 1863, in the city of Nashville, but was in fact a resident of Hamilton county, Tennessee, at his death.

It appears that William Clift claimed to be a creditor by judgment against John J. Brown, administrator of Jno. Brown, Jr., deceased, and filed his bill in 1868, against the administrator and heirs of Brown, to sell lands descended to the heirs for the payment of his own and other debts.

The papers filed in said cause are shown to be lost

or destroyed, so that we have only the' decrees and:
orders made in the minutes of the court, showing the
action of the court in the case, and the entries on the
rule docket, to guide us as to their contents, except
the secondary proof found in the record, given by
counsel who had examined said papers before they were
lost, in preparing the answers of their clients in this
case.

· Said proceedings are claimed by the present bill to
be. void, and prayed to be so declared.

The facts charged on which this decree is asked,
as found in the bill, are as follows:

That Clift and Abell were not creditors, and had
no subsisting debts against the estate. That more
than two and six years had elapsed after the appoint-
ment of one Ragan, in Davidson county, administrator
of the estate of Brown, and these parties had not
brought suit against him, and the claims were there-
fore barred by limitation; and because said adminis-
trator was not a party to the suit, nor any account
of the personal estate that had come into his hands
taken; and because ·there was sufficient personal es-
tate left by deceased to pay all just debts.

We need but say, that none of these matters can
be inquired into in a. collateral proceeding as this is,
unless it be possibly the failure to make the adminis-
trator a party, the decrees of this court being regular
on their face, and showing the existence of the debts,
the exhaustion and insufficiency of the personalty, and
consequent necessity of the sale of the land with rea-
sonable certainty. The objections referred to might

avail as error on a direct proceeding by appeal or writ of error, to reverse the decrees made, but cannot be looked to in a proceeding like the present, as repeatedly adjudged by this court.

Other objections are made in the pleadings, some of them, of a more serious character, which we proceed to notice:

It is alleged that the proceedings are void, because Judge Trewhitt was second cousin of the Browns, and made an order in the case directing an answer to be filed, and Judge Key is alleged and shown to have made an order appointing a *guardian ad litem* for one or more of the minors, and is said to have been incompetent to have done so, because he had been a counsel for parties in the cause.

These objections have no validity as we have held, in such a case, overruling such opinions, as seemed to hold the contrary. If the parties submit to the action of the judge at the time, the incompetency is considered waived, and not available on a collateral attack on the judgment. This question and the cases will be found reviewed in the case of *Holmes* v. *Eason*, at Jackson, April Term, 1882, in an opinion of Judge Cooper, in which the cases in 6 and 8 Baxt., 72 and 353, are overruled, and the principle of the case of *Crozier* v. *Goodwin & McConnell*, 1 Lea, 125, affirmed.

It may well be doubted whether the question of the representative character of John J. Brown, as administrator of Jno. Brown, Jr., deceased, as urged in the argument by the learned counsel, is made in the

pleadings before us. We think it certain it was not intended to be made by the pleader who drew the bill, and it is evident he meant only to allege the fact· that he was not a party, so that an account could be had of the personalty in his hands, and the correctness of his administration looked into on an account, as the matter of complaint in this bill. No charge is made that Brown, who was appointed by the county court of Hamilton county, the residence of the intestate, was not the legal administrator, and properly the then representative of the estate. We need not definitely decide the question argued. We only say, that on the facts shown, we do not see how it can be maintained that his appointment is a nullity.

The case of *Johnson* v. *Gaines*, 1 Cold., 288, giving the same conclusive effect to the proceedings of the county court in matters of probate and administration as to the proceedings of other superior courts, and that if the judgment is valid on its face, it must stand until revoked by direct proceedings for that purpose, would seem to be as conclusive in this case in favor of the action of the county court of Hamilton, as any other decree; and while it stands, would conclusively show in all collateral proceedings, that the said Brown was administrator. It might be the court ought not to have granted the letters, while Ragan's administration in Davidson county was unrevoked, but this was but an error in the judgment at most. The county court of Hamilton was the proper court having jurisdiction to appoint the administrator, it being the county of the residence of the intestate; and this

court would be slow to hold a jurisdiction legally conferred was void, because another court had wrongfully, without any legal authority, exercised the jurisdiction. Be this as it may, the question is not so made in the bill as to require its definite settlement in this case.

We but add, that if Brown is to be recognized as an administrator by reason of his appointment by the county court of Hamilton—and no allegation is made in the bill controverting this—then it could not be urged in this proceeding, that the sale was invalid, because no special account was had of a former administration. The decree reciting the fact of exhaustion of assets, it would be presumed all proper sources of inquiry had been resorted to in ascertaining this fact by the court, and we could not correct his decree in a court of coordinate jurisdiction, or in the same court, by showing the conclusion was not warranted by the facts. This would be to review the action of the chancellor, and reverse it in his own court, by another bill.

The main question relied on to sustain the decree of the chancellor is, that the defendants to that bill were never regularly made parties—were not served with process. The principle is beyond question, that if the parties were not before the court, the decree would be void.

We have the recitals of the decree or decrees of the court, stating the fact that all were before the court, either by service of process on them personally or by publication. We have the next best evidence,

if not conclusive evidence of the fact, in the entries regularly made at the time on the rule docket, a docket required to be kept by law, and to show the fact of the return made on the process by the officer to whom issued. From this it appears the sheriff or his deputy returned the *subpœna* executed on all the parties within a very short time after its issuance. The *subpœna* itself being lost, this as secondary evidence is the next best evidence that could be resorted to for the ascertainment of what the action of the officer was. It is an official act, done in the regular performance of his legal duties, and therefore has a presumption of a very high character in its favor. These things, in connection with the parol proof in the record, make it satisfactory, that the officer under his oath returned the process executed on all the parties, except the non-resident, and the rule docket shows publication as to this party.

In reply to all this, we have only the depositions of the parties themselves, that they were not served, and that about twelve years after the time of the transaction. In the case of *Tatum* v. *Curtis*, 9 Baxt., 361, it was held by this court, that it would not do to set aside the judgments of courts and the official acts of officers, upon the simple denial of service by the party himself, unsupported. We find no real or substantial support for these parties in this record, and think the weight of all the evidence decidedly preponderates against what they have said.

This disposes of all the questions raised by the pleadings as grounds for attacking the validity of the

sale. Other questions have been argued, which are not raised by allegation, and need not be decided. The question of appointment of guardian *ad litem* for the minors, without giving their names, is one question so argued. We need but say, that while this has been said to render an appointment void in the case reported in 1 Heis., 730, citing 1 Swan, 484, this was an inadvertent remark of the learned judge, the facts not raising the question in the 1 Heiskell case, as there was no evidence of service of process at all, and the same may be said of the case in Swan.

The result is, that there is no sufficient ground on which to declare the proceedings in the chancery sale void—and the decree of the court below will be reversed, and the bill dismissed with costs of this and the court below.