W. J. HARRIS et al. v. SARAH McCLANAHAN.

1. PLEADINGS AND PRACTICE. *Judgments and decrees. Collateral attack. Evidence.* It is the settled law of this State that domestic judgments of courts of ·general jurisdiction cannot be collaterally attacked by evidence outside of the record itself.

2. SAME. *Same. Same.* A recital in a domestic judgment or decree of a court of general jurisdiction that the original process was served on the defendant, or that publication, when allowed in lieu of service of process, was made, or that the party appeared by attorney or by answer, is conclusive when the record is collaterally put in issue, unless the recital is positively contradicted by the record itself.

3. SAME. *Same. Lost process. Evidence.* If the original process be lost, the testimony of the party cannot be permitted to avail against a recital in the judgment or decree of ·the fact of ·service, even in a direct attack, although the rule docket is silent on the subject.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

HARRIS & TURLEY for Harris.

GANTT & PATTERSON, A. H. DOUGLASS and ISAAC MORRISON for McClanahan.

COOPER, J., delivered the opinion of the court.

Action of ejectment, tried by the court without a jury, in which judgment was rendered in favor of the defendant, and the plaintiff appealed in error.

It was admitted on the trial that the plaintiff's ancestor, John W. Harris, who commenced the suit, had a perfect legal title of record to the lot of land in controversy. John W. Harris had gone into the Confederate service, leaving the land in charge of an agent. The land seems to have been sold for taxes, and bought by one J. J. Sears during the war. On April 3, 1866, John W. Harris filed a bill against J. J. Sears, Francis McClanahan and Sarah McClanahan, his wife, the present defendant, to recover the land. The papers in the cause were lost, except the entries on the rule docket and the final decree, which were produced in evidence. It was agreed, however, that the bill alleged in substance that Harris was the owner in fee of the lot; that Sears had obtained a tax title, which was void and a cloud on complainant's title; that one Wimberley, as agent of Harris, was in possession of the land in 1861, and leased it to the defendant, Sarah McClanahan, believing she was a widow, when she was in fact the wife of Francis McClanahan, another defendant, who lived apart from her; that Sarah McClanahan had

attorned to Sears. The rule docket—and it appeared that the clerk kept a regular rule docket, as required by law—contained no entry of the issuance or service of subpœna to answer or copy bill, but did contain an order of publication for Francis McClanahan, under date of April 3, 1866. It also contained an entry of notice to J. J. Sears and Sarah McClanahan, under date of April 10, 1866, of the taking of proof as to the appointment of a receiver. The final decree was rendered April 2, 1873, and set aside the tax title of Sears, declared the right of the complainant to the property, and awarded him a writ of possession. This decree commences thus: "This cause came on to be heard before the Hon. R. J. Morgan, chancellor, upon the bill and exhibit, upon *pro confesso* regularly taken, upon publication made as to the defendant Francis McClanahan, and upon subpœna duly served upon the defendant Sarah McClanahan, and upon the answer of J. J. Sears, the exhibits, agreements of counsel and proof in the cause." There was proof on the part of complainant tending to show that the defendant, Sarah McClanahan, had paid some rent to the receiver, and after the rendition of the decree had agreed to surrender the possession of the land to Harris. The present action of ejectment was commenced February 21, 1878.

The defendant, Sarah McClanahan, offered herself as a witness, and was permitted by the trial judge, over the objection of the plaintiff, to testify that no subpœna had been served upon her in the above mentioned chancery case, nor had she ever been noti-

fied to appear and defend the suit, nor did she appear, or authorize anyone to appear for her, nor did she consent to, or have knowledge of any decree or order therein. She admitted notice that a reference was to be had to select a receiver. She was also permitted, over the objection of the plaintiff, to testify to an adverse holding of the land by her before the rendition of the decree. She introduced in evidence a deed to her of the land by a third person, which she took in 1869, under the advice of counsel, such third person having, she admitted, no claim to the land, and no consideration passing.

It has been held by this court that in a direct suit brought to impeach the validity of a judgment or decree for the want of service of original process on the defendant, the testimony of the defendant himself will not, upon the soundest principle of public policy, be allowed to prevail over the return of an officer of the fact of service: *Tatum* v. *Curtis,* 9 Baxt., 360; *Henry* v. *Wilson,* 9 Lea, 176. It has also been held in such a case that if the process be lost, the testimony of the party cannot be permitted to avail against the recital in the judgment or decree of the fact of service, where the recital is supplemented by an entry on the rule docket of the return of the process duly served: *Posey* v. *Eaton,* 9 Lea, 500. The verity of judicial records would be of little value if it could be annulled by such testimony alone. The result must be the same where there is a recital of service by the judgment or decree, although the rule docket is silent on the subject, or

Harris *v.* McClanahan.

there is no rule docket required to be kept, or actually kept. For an entry on the rule docket is, only the act of the clerk, not of the court, which he may neglect to perform, just as he may neglect to file and safely keep the process itself, as it is made his duty to do. When the court speaks in the record the fact cannot be impeached collaterally except by positive evidence of the record itself to the contrary: *Davis* v. *Reeves*, 7 Lea, 585.

But it is the settled law of this State, deemed indispensable to that sanctity of judicial proceedings necessary for the public welfare, that domestic judgments of courts of general jurisdiction cannot be collaterally attacked by evidence outside of the record itself. A recital of the judgment or decree by the court itself that the process was served, or publication—which is in lieu of personal service—made, or that the party appeared by attorney or by answer, is conclusive even against an infant or a married woman, when the record is only collaterally put in issue, unless the recital of the decree is positively contradicted by the record itself: *Hopper* v. *Fisher*, 2 Head, 253; *Kilcrease* v. *Blythe*, 6 Hum., 378; *Gilchrist* v. *Cannon*, 1 Cold., 582; *Walker* v. *Cottrell*, 6 Baxt., 258. His Honor, the trial judge, erred, therefore, in admitting the testimony of the defendant to impeach the record in this case.

The judgment must be reversed, and judgment rendered in favor of the plaintiff.