BRAKE *et al. v.* KELLY.

(*Nashville,* December Term, 1949.)

Opinion filed February 14, 1950.

BREEDLOVE & BRILEY, J. L. REYNOLDS, of Nashville, for appellants.

ALBERT WILLIAMS, JOE BROWN CUMMINGS, KENNETH HARWELL, JOSEPH J. LUTIN, of Nashville, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Harry Kelly sued Kenneth Brake and wife, Nell, and E. A. Baker in the Circuit Court of Davidson County

to recover under the Workmen's Compensation Law for injuries alleged in his petition therein filed to have arisen out of and in the course of his employment by these three people trading as partners. The suit was instituted on June 16, 1944. The return of the deputy sheriff is that the alleged three employers were served with process on June 17, 1944. These employers entered no appearance in the cause. A judgment by default was taken against them on October 7, 1944. Final judgment was rendered on November 14, 1944 for a sum that will amount to close to $3,000, the judgment reciting that it came on for hearing on oral testimony, etc. On December 13, 1944 the three employers, Baker, Brake and wife, filed motion to set aside the judgment and for a new trial in the Circuit Court case on the ground that (1) no evidence; (2) none of them were ever served with process; (3) Kelly was not an employee of Brake and wife; (4) Kelly was not injured in the line of his employment for Baker as a cook in a cafe operated by Baker, and alleged in the petition to be a partner of Brake and wife in its operation. This motion was supported by the affidavit of Baker and Brake. On December 22, 1944 the Circuit Judge overruled the motion in an order which recited that it came on for hearing on the entire record "and the evidence offered by the defendants in behalf of the motion for a new trial". Baker and Mr. and Mrs. Brake prayed and were allowed an appeal but did not perfect it.

On January 20, 1945 these three alleged employers filed a bill against the alleged employee Kelly in the Chancery Court of Davidson County alleging that they were never served with process in the Circuit Court case, knew nothing of it until after final judgment had

been rendered, and after alleging as facts the other statements made in the motion for a new trial they prayed for the issuance of an injunction, a setting aside of the judgment in the Circuit Court, and to be permitted to submit their defense in this Chancery Court to the suit of Kelly for Workmen's Compensation.

Since the proceedings in the Circuit Court case were set out in the bill, Kelly demurred on the ground that by the filing of the motion for a new trial in the Circuit Court these employers had entered their appearance in this case and, therefore, the matter could not be re-litigated and was in fact *res adjudicata.*

The Chancellor thought that the bill entitled the complainants to a hearing and, accordingly, overruled the demurrer and required the defendant Kelly to answer. That answer denied the allegations of the bill.

Much evidence was taken by deposition in support of the allegations of the bill. Kelly offered no evidence as to his injuries or employment or as to the partnership status of the complainants but as to this relied upon the conclusiveness of the judgment of the Circuit Court, apparently. The deputy sheriff who made the return on the summons in the Circuit Court case testified that while he had no independent recollection of having served this summons personally on Baker, Brake and wife, he was sure that he did do so, or he would not have so made the return which, except as to the printed part, is in his own handwriting. His deposition was taken more than three years after the date of alleged service of process. He had served a great many people with process during his tenure of office. Brake and wife and Baker all testified positively that they were not

served with process. Their testimony on this point is otherwise unsupported.

The Chancellor dismissed the bill "with some reluctance" on the ground that: "From the record the Court is of opinion that complainants have failed to carry the burden of showing such fraud or other matters pertaining to jurisdiction, as would vitiate the judgment at law, and the Chancery Court is without jurisdiction to otherwise review the actions of the Circuit Court."

Baker, Brake and wife appealed from all parts of the decree unfavorable to them. Kelly, the employee appealed from that part of the decree "failing to sustain the demurrer filed in this cause".

The Court of Appeals sustained Kelly's assignment of error to the effect that the Chancellor erred in overruling the demurrer. It was the holding of the Court of Appeals that when Baker, Brake and wife entered the aforesaid motion for a new trial in the Circuit Court case they thereby "entered a general appearance in that Court" and "a hearing was had by the Circuit Judge upon the record and upon proof introduced and an appeal prayed and granted to this Court which was not perfected. By this appearance the defendants there submitted to the jurisdiction of the Court." The proof introduced were the affidavits in support of the motion. The questions made by the assignments of error filed in behalf of Baker, Brake and wife were accordingly pretermitted and the decree of the Chancellor affirmed.

Brake and wife filed petition for *certiorari* and complained of the action of the Court (1) in sustaining the demurrer; and (2) in pretermitting their own assignments of error which is insisted should now be sustained. Kelly likewise has assigned error, whereby he insists that

if the Court of Appeals was in error in sustaining the demurrer (which he denies) still it should have affirmed the final decree of the Chancellor dismissing the bill because complainants had not carried the burden of proof resting on them in support of their assertion that they were not served with process. It appears to be absolutely necessary under the holding in *Taylor* v. *Sledge,* 110 Tenn. 263, 266-267, 75 S. W. 1074, 1075, to concur in the holding of the Court of Appeals to the effect that the Chancellor erred in not sustaining the demurrer of Kelly, that demurrer being to the effect that Baker, Brake and wife entered a general appearance in the Circuit Court by the filing of the heretofore mentioned motion for a new trial in the Circuit Court. The holding of *Taylor* v. *Sledge* on that point is:

"1. Did the complainant, by suing out the writs of error and supersedeas in the case of Sledge, Wells & Co. against Taylor, enter his appearance in that case, and submit to the jurisdiction of the court? We hold that he did. He had the election of two remedies to correct any error committed against him. If there was error in the face of the record, he could have the judgment reversed upon writ of error from this court. If there was no jurisdiction of his person, the judgment was absolutely void, and he could have had it so decreed, and its collection enjoined, by proper proceedings in the chancery court. It was his right and his duty to choose between these two remedies. He could not have both, because a party is entitled to only one trial in court; the policy of the law being to prevent multiplicity of suits and to put an end to ligitation. It is immaterial that the two remedies are not equally broad, as the defendant is not bound to adopt the one that is less effectual. A writ of error will not

reach all errors that may be committed against a defendant in such cases, because, in the absence of a bill of exceptions, they may not appear in the record. Yet he must, when he elects to pursue this remedy, take the chances of the soundness of his judgment, and abide the consequences.

"We are therefore of the opinion that the complainant entered his appearance in the former case when he sued out the writs of error and supersedeas; that this court thereby obtained jurisdiction of his person, and its judgment against him is valid and conclusive of the matters therein adjudged, although the original summons may not have been served upon him."

Though the Court of Appeals pretermitted the question, its conclusion is likewise correct, in our opinion, on the ground upon which the Chancellor placed his conclusion, to wit, that Baker, Brake and wife had failed to carry the burden of proof in support of their allegation that they had not been served with process and that the return of the officer to the contrary was false.

Baker, Brake and wife testify positively that no service of process was had upon them. The official return of the deputy sheriff is directly to the contrary, and this deputy sheriff is positive in his testimony that he did serve this process upon each of these three persons. He has no independent recollection of it but bases his testimony upon his practice.

In the case of *Henry* v. *Wilson,* 77 Tenn. 176, 178, it was held that: "It has been settled on the soundest principles of public policy, that the testimony of one witness, and *a fortiori,* if that witness be the party interested, will not suffice to impeach an officer's return."

In the present instance, there were three witnesses, each testifying for himself or herself alone, that he or she was not served with process in the Circuit Court case. Each of the three was interested. Of course, in the very nature of the matter, neither of them could testify that his or her codefendants were not served. In this situation, the question is whether the testimony of the three amounts to more than "the testimony of one witness"?

In *Posey* v. *Eaton*, 77 Tenn. 500, 506, there was more than one defendant who testified that he or she was not served with process. The Court said: "In reply to all this, we have only the depositions of the parties themselves, that they were not served and that about twelve years after the time of the transaction. In the case of *Tatum* v. *Curtis*, 9 Baxt. [360], 361 [68 Tenn. 360, 361], it was held by this Court, that it would not do to set aside the judgments of courts and the official acts of officers, upon the simple denial of service by the party himself, unsupported. We find no real or substantial support for these parties in this record, and think the weight of all the evidence decidedly preponderates against what they have said."

The plain inference from this holding is that when the defendants, be they one or several, deny that they were served with process, the official return and the testimony of the sheriff to the contrary, such testimony of defendant or defendants should be supported by other disinterested witnesses or corroborating circumstances. According to the text of 42 A. J., pages 112, 113, that is the rule in some jurisdictions, but not in others. That text reads: "Some cases hold that a return of service cannot be impeached by the unsupported evidence of the

person on whom service appears to have been made; but this doctrine is repudiated in others.''

Chancellor Cooper dealt with this question in *Driver* v. *Cobb,* 1 Tenn. Ch. 490, 491. He said this: ''Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge, there should be two witnesses, or one witness with strong corroborating circumstances.''

In *Meyers* v. *Wolf,* 162 Tenn. 42, 57, 34 S. W. 2d 201, 205, the Court referring to *Driver* v. *Cobb, supra,* and quoting from *Tatum* v. *Curtis,* 68 Tenn. 360 said: ''It would not do to set aside the judgments of courts and the official acts of officers, upon the simple denial of the service by the party himself, unsupported.''

The reason for the above referred to holding of the Court is stated in *Harris* v. *McClanahan,* 79 Tenn. 181, 184, as follows: ''The verity of judicial records would be of little value if it could be annulled by such testimony alone.''

It seems to necessarily follow from that which has been said that the unsupported testimony of the three defendants in the Circuit Court case, each testifying as to himself or herself alone is insufficient to overcome the presumption of verity of the return of the officer and the testimony of that officer that he did serve the process, and that the Chancellor was correct in so holding. The rule is based on a very sound public policy. Were it otherwise ''the verity of judicial records would be of little value.''

For the reason stated the writ is denied.

ALBERT WILLIAMS, SPECIAL JUSTICE, not participating.