IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

September 22, 2004 Session

**LEE ANN BRASWELL v. LESLIE GRAVES, ET AL.**

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 007128-01-5     The Honorable Kay S. Robilio, Judge**

**No. W2004-00204-COA-R3-CV - Filed November 17, 2004**

Plaintiff/Appellant appeals from the trial court's grant of Defendants/Appellees' Tenn. R. Civ. P. 12 Motion to Dismiss for failure to secure service of process. Finding that Defendant/Appellees' evidence clearly and convincingly rebuts the process server's testimony, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

John E. Dunlap of Memphis for Appellant, Lee Ann Braswell

Mark A. Lambert of Memphis for Appellees, Leslie Graves and Terry Graves

**OPINION**

On February 4, 1999, Lee Ann Braswell ("Plaintiff," or "Appellant") filed suit against Leslie Graves and her father Terry Graves (together with Leslie Graves, "Defendants," or "Appellees") in the Shelby County General Sessions Court. The matter was non-suited on December 4, 2000. At that time, Leslie and Terry Graves lived at 3564 Central Avenue in Memphis. Both Defendants were properly served in the General Sessions case prior to Ms. Braswell taking a non-suit.

According to his testimony, on August 1, 2001, Terry Graves moved from the house at 3564 Central Avenue because he and his wife were contemplating a divorce. Leslie Graves had moved from the Central Avenue residence sometime in January of 2001. On November 28, 2001, the case

was re-filed in the Circuit Court of Shelby County.[1]  Ms. Braswell employed Et Al Legal Services, Inc., a private process serving company, to serve the summonses on the Defendants.  On December 15, 2001, Richard Butler, an independent process server contracted by Et Al Legal Service, attempted service at the last known address of the Defendants, which was 3564 Central Avenue. Only Kathy Graves lived at the home on Central Avenue at that time.  Mr. Butler testified that he made personal service on both Terry and Leslie Graves on December 15, 2001.  Mr. Butler also testified that he filed affidavits of service of process with the Circuit Court.  These affidavits were not made part of the record on appeal.  The Affidavit of Kathy Graves, which was filed in support of Terry and Leslie Graves' Tenn. R. Civ. P. 12 Motion to Dismiss (see *infra*) reads, in pertinent part, as follows:

> 3.  On August 6, 2001, I filed a Complaint for divorce against Terry Graves.  The Final Decree of Divorce was entered in my divorce case on July 8, 2002.  During the pendency of the divorce I lived in the 3564 Central Avenue home and neither Terry Graves nor Leslie Graves lived with me in the Central Avenue home, including but not limited to, December 15, 2001.
>
> 4.  I did receive a copy of the Summons and Complaint filed in this matter, styled *Braswell v. Graves*, Docket No. CT-007128-01 Div. 5, from a process server on or about December 15, 2001.
>
> 5.  Because I was involved in a divorce I called my lawyer and then called Sam Blair regarding the Summons and Complaint.  At a later date Sam Blair personally picked up the Summons and Complaint for me.
>
> 6.  Neither Leslie Graves nor Terry Graves authorized me to accept service of process on their behalf.

On January 22, 2002, attorney Sam Blair wrote a courtesy letter to Ms. Braswell's attorney.  The letter reads, in pertinent part, as follows:

> Dear Mr. Waggoner [attorney for Ms. Braswell]:
>
> I represent [sic] Terry Graves initially in the above referenced matter.  Terry Graves was not served with process.  He is in a divorce

---

[1] The Complaint alleges negligence on the part of Leslie Graves arising from an automobile accident that occurred in Shelby County on March 18, 1998.  Terry Graves was sued as the owner of the vehicle that Leslie Graves was driving.

and the Complaint was left at his prior home and the wife forwarded the Complaint to me. You need to re-serve your case.[2]

From the record, it appears that no additional service was attempted on either Terry Graves or Leslie Graves in response to this letter.

Terry and Leslie Graves did not respond to the Complaint and, on March 21, 2003, Ms. Braswell filed a "Motion for Default Judgment." On April 25, 2003, both Terry and Leslie Graves filed separate Affidavits, by special appearance, in which they denied receiving service of the Summons and Complaint in this matter. On August 27, 2003, Terry and Leslie Graves filed a Tenn. R. Civ. P. 12 "Motion to Dismiss By Special Appearance." The Motion, which was supported by the Affidavit of Kathy Graves (see *supra*) stated that neither of the summonses were physically served on Leslie or Terry Graves.

A hearing was held on November 5, 2003. On November 12, 2003, the trial court entered its "Order of Dismissal with Prejudice." Ms. Braswell appeals and raises one issue for review as stated in her brief: Whether the trial court erred in dismissing the Appellant's Complaint for personal injuries for failure to obtain personal service when the Circuit Court Clerk's record contained returned summonses and execution of process on each of the Appellees.

Since this matter was heard by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. *See* Tenn. R. App. P. 13(d).

It is well settled that an officer's return is prima facie evidence of proper service of process and the oath of an interested party is legally insufficient to overcome the return. *See* Tenn. R. Civ. P. 5.02; *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574-75, 347 S.W.2d 491, 492 (1961); *Brake v. Kelly*, 189 Tenn. 612, 620, 226 S.W.2d 1008, 1011 (1950); *Cullum & Maxey Camping Ctr., Inc. v. Adams*, 640 S.W.2d 22, 24 (Tenn. Ct. App.1982). However, "the return of an officer that he has executed process is of no higher grade of evidence than the other papers of the case which came before [the court] as parts thereof; and if other parts of the...record either contradict the return of the [process server] or render it doubtful whether the return is true, we are not bound to concede to it absolute verity." *Wilson v. Moss*, 54 Tenn. 417, 419-20 (Feb. 8, 1872). When disputing service of process, the burden is upon the party complaining of the service to show by clear and convincing proof that he or she was not served with process. *See O.H. May Co. v. Gutman's Inc.*, 2 Tenn. App. 43 (July 25, 1925). The "clear and convincing evidence" standard defies precise definition. *Majors v. Smith*, 776 S.W.2d 538, 540 (Tenn. Ct. App.1989). While it is more exacting than the preponderance of the evidence standard, *Rentenbach Eng'g Co. v. General Realty Ltd.*, 707 S.W.2d 524, 527 (Tenn. Ct. App.1985), it does not require such certainty as the beyond a reasonable doubt standard. *Brandon v. Wright*, 838 S.W.2d 532, 536 (Tenn. Ct. App.1992). Clear and convincing

---

[2] This letter was attached as Exhibit 1 to the Affidavit of Terry Graves.

evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. ***See Hodges v. S.C. Toof & Co.***, 833 S.W.2d 896, 901 n. 3 (Tenn.1992). It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established. ***In re Estate of Armstrong***, 859 S.W.2d 323, 328 (Tenn. Ct. App.1993); ***Wiltcher v. Bradley***, 708 S.W.2d 407, 411 (Tenn. Ct. App.1985).

Turning to the record in this case, we have only the testimony of Mr. Butler that service was properly made on both Terry Graves and Leslie Graves. As noted above, neither the summonses nor the returns were made part of the record on appeal. Both Terry Graves and Leslie Graves assert that they were not served. In addition to the testimony adduced at the hearing, Terry and Leslie Graves filed their own Affidavits, the Affidavit of Kathy Graves and the letter sent from Sam Blair to Gerald Waggoner, *see supra*, to rebut Mr. Butler's testimony.[3]

Any conflict in testimony requiring a determination of the credibility of a witness or witnesses is for the trial court and is binding on this Court *unless from other real evidence we are compelled to conclude to the contrary.* ***State ex rel. Balsinger v. Town of Madisonville***, 435 S.W.2d 803, 807 (Tenn. 1968) (emphasis added). As noted above, neither the summonses nor the affidavits of service of process were made part of this record on appeal. Consequently, the following findings by the trial court as to the credibility of Mr. Butler are given great weight by this Court:

> THE COURT: All right. Mr. Butler is a very pleasant, genteel individual of extremely senior years, 78 years old. He was halting of speech, and his body language and presentation lead the Court to believe that it is possible that perhaps his perceptions were incorrect....
>
> \*                                          \*                                          \*
>
> ...Coupled with the fact that the service that formerly employed him [Mr. Butler] now does not do so, coupled with the fact that Mr. Graves' testimony as well as the letter from the attorney, the bulk of the weight of the evidence is such that I believe it's appropriate to grant your petition.

When Mr. Blair's letter is viewed in the aggregate with the testimony of Terry Graves, the affidavits of Kathy Graves, Leslie Graves, and Terry Graves, and the trial court's specific findings concerning the credibility of Mr. Butler, we find that there is clear and convincing evidence to support the trial court's finding that neither Terry Graves nor Leslie Graves were served with process in this case.

---

[3] Tenn. R. Civ. P. States that "[w]hen a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against the Appellant, Lee Ann Braswell, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.