# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 28, 2015 Session

## SOUTHEAST BANK & TRUST v. JOSEPH CALDARERA ET AL.

**Appeal from the Chancery Court for McMinn County**
**No. 2012-CV-278     Jerri S. Bryant, Chancellor**

---

**No. E2015-00353-COA-R3-CV – Filed December 4, 2015**

---

In this declaratory judgment action, one of the co-defendants filed an answer and counterclaim that was dismissed by the trial court upon motion of the plaintiff. Nearly two years later, the co-defendant filed a motion pursuant to Tennessee Rules of Civil Procedure 59 and 60.02, seeking relief from the order dismissing his counterclaim. Said co-defendant asserted that he was never served with the motion to dismiss or the order of dismissal, despite the representation of service by mail pursuant to the certificates of service contained within those pleadings. The trial court conducted a hearing on the co-defendant's motion for relief from the earlier order, allowing the co-defendant to present evidence to rebut the presumption of proper service based on the certificates of service. The court subsequently denied the co-defendant's motion for relief from the earlier order, determining that he had not presented clear and convincing evidence to rebut the presumption of proper service. The co-defendant has timely appealed. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

John T. Rice, Chattanooga, Tennessee, for the appellant, Joseph Caldarera.

Jerrold D. Farinash and Andrea Hayduk, Chattanooga, Tennessee, for the appellee, SouthEast Bank & Trust.

# OPINION

## I. Factual and Procedural Background

This case originated with the filing of a declaratory judgment action by SouthEast Bank & Trust ("the Bank") against Joseph Caldarera and Tennessee Log & Timber Homes, Inc. ("TLTH"). According to the Bank's complaint, Mr. Caldarera had ordered a log home package and windows from TLTH, but he had either returned the items to TLTH after they were shipped or rejected them before they were delivered. The Bank asserted that TLTH had defaulted on certain debts owed to the Bank, such that the Bank had taken possession of TLTH's inventory, including the building materials ordered by Mr. Caldarera. The Bank sought a judgment declaring that it had a perfected security interest in the building materials that were part of TLTH's inventory and that such interest maintained priority over any ownership interest Mr. Caldarera might claim therein.

Mr. Caldarera, proceeding *pro se*, filed an answer and counterclaim, insisting that the building materials belonged to him and that the Bank had wrongfully seized them. The Bank subsequently filed a motion to dismiss Mr. Caldarera's counterclaim, asserting that the counterclaim failed to state a claim upon which relief could be granted. The Bank's motion to dismiss bears a certificate of service demonstrating that it was mailed to Mr. Caldarera at the address he listed on his answer and counterclaim. Mr. Caldarera did not file a response to the motion or appear at the motion hearing. The trial court granted the motion to dismiss, certifying its order as a final order pursuant to Tennessee Rule of Civil Procedure 54.02. A copy of that order was mailed to Mr. Caldarera at the same address.

Thereafter, the Bank filed a motion for summary judgment with respect to its claims against Mr. Caldarera. The motion's certificate of service does not demonstrate, however, that the motion was mailed to Mr. Caldarera. The trial court entered an order granting the Bank's motion for summary judgment on February 26, 2013. The order granting summary judgment also does not indicate that it was mailed to Mr. Caldarera. The Bank subsequently took a voluntary nonsuit regarding its claims against TLTH on March 8, 2013. Months later, on May 1, 2014, Mr. Caldarera filed a motion for relief from the order granting summary judgment, claiming that he was not served with the motion. Due to the defect in the certificate of service, the parties drafted an agreed order that was entered by the court, setting aside the grant of summary judgment.

Mr. Caldarera also filed a motion seeking to amend his answer and counterclaim. The trial court denied the motion to amend the counterclaim, which had been dismissed, but allowed Mr. Caldarera to amend his answer. Mr. Caldarera subsequently filed a

2

motion seeking to set aside the November 7, 2012 order dismissing his counterclaim pursuant to Tennessee Rules of Civil Procedure 59 or 60.02. He claimed that he had not been served with the motion to dismiss despite the fact that the motion bore a certificate of service indicating that the motion had been mailed to him. The court held an evidentiary hearing regarding this motion on January 6, 2015, allowing Mr. Caldarera to present evidence in support of his claim that he had not been served with the motion to dismiss. The court later entered an order denying Mr. Caldarera's motion for relief because Mr. Caldarera could not rebut the presumption of proper service. The Bank subsequently took a voluntary nonsuit regarding its claims against Mr. Caldarera. Mr. Caldarera timely appealed.

## II. Issues Presented

Mr. Caldarera presents the following issues for our review, which we have restated slightly:

1.      Whether Mr. Caldarera was a proper party to the declaratory judgment action.

2.      Whether the trial court erred in dismissing Mr. Caldarera's counterclaim.

3.      Whether the trial court erred in denying Mr. Caldarera's motion to amend his counterclaim.

4.      Whether the trial court erred in denying Mr. Caldarera's motion to set aside the order dismissing his counterclaim.

## III. Standard of Review

As our Supreme Court has elucidated with regard to motions seeking relief from a prior judgment or order:

> Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *McCracken v. Brentwood United Methodist Church,* 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review

3

of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Id.* The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

*Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010).

### IV. Ruling on Motion to Vacate Order Dismissing Counterclaim

Mr. Caldarera posits that the trial court erred in denying his motion seeking relief from the order entered on November 7, 2012, which dismissed his counterclaim. We determine this issue to be dispositive because, inasmuch as the Bank has nonsuited all of its claims, there is nothing to adjudicate if Mr. Caldarera has no viable remaining counterclaim.[1] Mr. Caldarera claimed in his motion that he had not received either the motion to dismiss or the respective order granting dismissal, which the Bank's counsel had mailed to his address. The Bank insists that the trial court's ruling on the Tennessee Rule of Civil Procedure 60.02 motion was correct because there was no basis for relief from the prior order. We agree with the Bank.

Regarding proper service of a motion, this Court has previously explained:

"Service by mail is complete upon mailing." Tenn. R. Civ. P. 5.02.

---

[1] Although not properly raised as an issue, the Bank asserts in its brief that Mr. Caldarera's appeal from the trial court's February 12, 2015 order is improper because that order merely granted a nonsuit as to the Bank's claims against Mr. Caldarera but did not address any of the substantive issues raised in the appeal. We disagree, however, noting that the February 12, 2015 order was the final order of the trial court that disposed of all claims against all parties. *See* Tenn. R. App. P. 3(a). As our Supreme Court has explained, a final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode,* 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Proof of service "may be by certificate of a member of the Bar of the Court . . . or by any other proof satisfactory to the court." Tenn. R. Civ. P. 5.03. "There must of necessity be a very strong presumption as to the correctness of a return of service, signed by an officer of the court, or else court proceedings would frequently degenerate into unprovable wrangling over the collateral matter of service." *Harris v. Hensley,* No. M1999-00654-COA-R3-CV, 2000 WL 630924, at *3 (Tenn. Ct. App. May 17, 2000). Thus, "[a] certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." *McBride v. Webb,* No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (citing *Or v. Or,* No. 01-A-01-9012-CH-00464, 1991 WL 226916 at *4 (Tenn. Ct. App. Nov. 6, 1991)).

Although failure to serve a proper party may lead to reversal of the judgment against that party, "[a] simple denial of service by a party is never sufficient to set aside a judgment." *Harris,* 2000 WL 630924, at *3 (citing *State ex rel Agee v. Chapman,* 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995); *Posey v. Eaton,* 77 Tenn. (9 Lea) 500 (1882)). "That is not to say that [the] presumption may not be rebutted, if the testimony of a party is supported by other disinterested witnesses or by corroborating circumstances." *Id.* (citing *See Cullen v. Maxey Camping Ctr. v. Adams,* 640 S.W.2d 22 (Tenn. Ct. App. 1982); *Brake v. Kelly,* 189 Tenn. 612, 226 S.W.2d 1008 (Tenn. 1950)). "[T]here obviously exists the possibility of proof that a document was not received even though a certificate of service appears on it." *Estate of Vanleer,* 2002 WL 32332191, at *8. However, "[t]he burden is on the complaining party to show by clear and convincing evidence that he was not served." *Id.* (citing *O.H. May Co. v. Gutman's Inc.,* 2 Tenn. App. 43 (1925)). Rebuttal evidence of non-receipt creates an issue of fact for the court to resolve. *In re Adoption of S.A.W.,* No. M2007-01690-COA-R3-PT, 2008 WL 820540, at *1 (Tenn. Ct. App. Mar. 26, 2008) (citing *U.S. Life Title Ins. Co. of New York v. Dept. of Commerce & Ins.,* 770 S.W.2d 537, 542 (Tenn. Ct. App. 1989)).

*Zulueta v. Montgomery*, No. M2009-02406-COA-R3-CV, 2010 WL 3170774 at *3 (Tenn. Ct. App. Aug. 11, 2010).

In this case, the only evidence presented by Mr. Caldarera regarding his alleged non-receipt of the mailed motion to dismiss were his testimony and that of his wife that neither had received the motion. Mr. Caldarera admitted, however, that the address he listed on his answer and counterclaim, which was the address subsequently used by the

5

Bank's counsel to send his mailings, was his business address and that he was seldom there. Mr. Caldarera and his wife stated that there were two or three other employees who worked at the office and could have opened the mail. With regard to this testimony, the trial court made the following findings:

> Tiffany Williams [Caldarera] testified she is currently living with Mr. Caldarera but has no ownership interest in the property. She stated that she was the marketing director at the time the Motions in this matter were filed. Her day to day duties were to collect rent, manage Mr. Caldarera's business, and bring him his personal mail in the evenings. She did not maintain the Tennessee Log & Timber file and was unaware of this case in 2012. Mr. Caldarera kept his own Tennessee Log & Timber file. Ms. Williams was not aware of what was kept in the file, nor its location, and would ordinarily take mail to him at his home . . . . It was [Mr. Caldarera's] testimony that he did not receive the Motion to Dismiss the Counter-Claim nor the Order granting it. The Certificate of Service signed by counsel for the Plaintiff in this matter shows that the Motion to Dismiss and Order granting it were sent to the same address that Mr. Caldarera provided in his Answer and Counter-Claim. Mr. Caldarera testified on cross-examination that he hired an attorney, John Rice, on 3/14/12.

Based on the proof presented, we agree with the trial court's conclusion that Mr. Caldarera did not, by clear and convincing evidence, rebut the presumption of service created by the certificate of service. Mr. Caldarera's evidence establishes little more than a "simple denial of service," which is insufficient for a grant of Rule 60 relief. *See Zulueta*, 2010 WL 3170774 at *3.

In addition, Mr. Caldarera's motion for relief, pursuant to Tennessee Rule of Civil Procedure 60.02, appears to be untimely. Rule 60.02 provides for relief, "upon such terms as are just," from final judgments, orders, or proceedings based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made <u>within a reasonable time, and for reasons (1) and (2)</u>

> not more than one year after the judgment, order or proceeding was entered or taken.

(Emphasis added.) Mr. Caldarera's motion for relief recites that it is based upon subsections (1), (2), and (5) of Rule 60.02. Mr. Caldarera's motion pursuant to Rule 60.02(1) or (2) was clearly untimely inasmuch as it was filed more than one year after the order was entered.

Similarly, with regard to Mr. Caldarera's motion for relief pursuant to the "catch-all" provision in Rule 60.02(5), Tennessee courts recognize that "[a]lthough motions based on Rule 60.02(5) are subject only to the 'reasonable time' limitation, Rule 60.02(5) has been construed narrowly by Tennessee's courts." *Silliman v. City of Memphis*, 449 S.W.3d 440, 447 (Tenn. Ct. App. 2014) (internal citations omitted). Based on Mr. Caldarera's admission that he had retained counsel as early as 2012, we must conclude that his motion, which was filed nearly two years after entry of the order, was not filed within a reasonable time. Furthermore, "[r]elief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *See Federated Ins. Co. v. Lethcoe,* 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993). Upon our careful review of the record, we conclude that Mr. Caldarera has not demonstrated that he is entitled to relief pursuant to Tennessee Rule of 60.02(5) or any other subsection of Rule 60.02. The trial court properly denied Mr. Caldarera's motion for relief based on both grounds and timeliness.

## V. Remaining Issues

Having determined that Mr. Caldarera was not entitled to relief from the order dismissing his counterclaim, we also determine that the trial court did not err in denying Mr. Caldarera's motion to amend his counterclaim because it had already been dismissed. Furthermore, inasmuch as the Bank has nonsuited all of its claims against Mr. Caldarera, we determine that his remaining issues on appeal are pretermitted as moot.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. Costs on appeal are taxed to the appellant, Joseph Caldarera. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

7