Harris v. Gleghorn.

H. C. HARRIS, Administrator, v. S. M. GLEGHORN. ·

PLEADINGS AND PRACTICE. *Certiorari*. Upon a petition for *certiorari* and· *supersedeas* to supersede an execution issued upon a judgment before a justice of the peace, and to remove the cause for a new trial into the circuit court, the justice's papers and the petition should be taken together, and the writs should be dismissed if it contains no substantial denial of the justice's judgment.

FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln county.    J. J. WILLIAMS, J.

HOLMAN & HOLMAN for Harris.

LAMB & TILLMAN for Gleghorn.

COOKE, Sp. J., delivered the opinion of the court.

Gleghorn instituted suit before a justice of the peace on the 16th of November, 1875, upon a promissory note signed Bledsoe & Harris. The mandate of the warrant was to summon Bledsoe & Harris to answer, etc., without further specification or description of the parties sued. The warrant came to the hands of a constable, who returned upon it that he had "executed it as commanded," and set for trial, etc., and on the same day the justice before whom it was returned rendered judgment upon the note in favor of the plaintiff below against Bledsoe & Harris. This judgment was stayed by one Thomas Hampton. On August 17,.

1878, a *pluries* execution was issued by the justice upon
this judgment, commanding, etc., to levy of the goods,
etc., of W. R. Bledsoe and Joel M. Harris, which
was levied upon certain property described in the levy
as "known as the partnership property of Bledsoe &
Harris," and also upon certain other articles as the un-
divided real property of Joel M. Harris, whereupon
Joel M. Harris petitioned for writs of *certiorari* and *su-
persedeas,* to supersede said execution and remove said
cause for a new trial into the circuit court. Upon
the return of said writs, the circuit court, upon mo-
tion of the plaintiff below, dismissed the petition, and
Harris appealed to this court. He has since died, and
the cause has been revived in the name of his admin-
istrator.

The only question to be determined is as to the cor
rectness of the action of the circuit judge in dismissing
the petition. The petitioner avers, in substance, that he
never signed said note; nor was it signed with his knowl-
edge or authority; nor did he know until a few days
since that there was any such note or judgment in ex-
istence. He says the note appears to have been signed
" Bledsoe & Harris," and if by Harris it was meant
for petitioner it was wrong, for neither W. R. Bled-
soe nor any one else had authority to put his name
to the note either expressly or by implication. That
he would not have supposed that it was meant to des-
ignate him by these proceedings, but for the fact that
the constable, in whose hands the execution was placed,
a few days before come to him with it. He further
states that he never procured Hampton to stay the

judgment; that Hampton's order does not describe it. Says the whole matter concerning the note, proceedings, judgment and execution, seems to have been studiously kept from petitioner. He further states that if he had been in fact bound for W. R. Bledsoe for the amount of the judgment, he could have saved himself harmless out of Bledsoe's interest in some property held by them jointly up to within a few months past. He further says if he had been notified of the trial he would have attended and resisted the rendition of any judgment against him.

This petition seems to have been attempted to be cautiously worded, so as to appear to deny the justice of the judgment as well as that the warrant was not served upon him, and hence, afford an excuse for not appealing without any direct statement of the facts.

While certainty to a common intent is all that is required in a petition for writs of *certiorari*, etc.: 2 Swan, 652; yet, on the hearing of a motion to dismiss, the petition for the writs and the justices' papers may be read to negative the allegations of the petition: 6 Heis., 601; 8 Hum., 704.

It is a rather singular fact, that while in the body of his petition, as we have seen above, said Harris affects not to know who was meant by Bledsoe & Harris, as specified in the note and judgment, this is done in seeming forgetfulness of the fact that in the very first sentence of his petition he states that the judgment was rendered against him and W. R. Bledsoe. The language employed being: "Your petitioner would respectfully represent to your Honor, that on the

16th day of October, 1875, a judgment was rendered against him and W. R. Bledsoe by A. C. Martin, a justice of the peace of Lincoln county, for $81.26, in favor of S. W. Gleghorn, on a note purporting to have been executed by Bledsoe & Harris to said Gleghorn," etc.

When we look into the justices' proceedings we find that on the same day the warrant was served, as shown by the officer's return, and the judgment rendered, an order was filed with the justice written by said Thomas Hampton, directing said justice to enter him as stayor of the judgment which he had or might render against W. R. Bledsoe and Joel M. Harris, and which is dated on the same day (November 16, 1875), and which expressly states upon its face that he stays this judgment by request of all the parties. We also find that on July 31, 1876, about two weeks after the expiration of the stay, an execution was issued upon said judgment by the justice who rendered it, and which was issued in the name of W. R. Bledsoe and Joel M. Harris. Moreover, the execution superseded, which was issued August 17, 1878, was issued in the same manner, and notwithstanding the levy describes a portion of the property levied upon as partnership property belonging to Bledsoe & Harris, he no where in his petition denies that he was a partner of Bledsoe, or that there was such a firm of Bledsoe & Harris, or that he was a member of it. But on the contrary, in his petition, shows that there was property which he says *jointly* belonged to W. R. Bledsoe and himself, until within a few months before he prepared

said petition.   In the face of all this, he is content with the mere statement of a legal conclusion, that Bledsoe nor any body else was not authorized to sign said note or his name, without the denial of the existence of facts which would authorize it.   Hence, the justices' papers and this petition taken altogether, do not contain any substantial denial of the justice of the judgment, or the execution of the note.   It is sufficiently shown by the officer's return that the warrant was served upon him, and which he could not be permitted in this manner to contradict, even if he had undertaken to do so in terms: 9 Heis., 310, and cases cited; but which, as we have already seen, he has only attempted to do inferentially.

There is, therefore, no sufficient reason shown for not appealing, even if the justice of the judgment were explicitly denied.   The judgment is sufficient under section 2788 of the Code.   The petition was, therefore, properly dismissed.   The report of the Referees must be set aside, and the judgment of the circuit court affirmed.