Insurance Co. *v.* Webb.

INSURANCE CO. *v.* WEBB.

(*Nashville.* December 22, 1900.)

1. CERTIORARI AND SUPERSEDEAS. *Does not lie, when.*

   A judgment cannot be impeached or reviewed by certiorari and supersedeas upon the ground that the petitioner was not served with process, where it appears from the return of an officer in the original record that he was served with process. The return of the officer cannot be impeached or contradicted in such proceeding. The petitioner's remedy, if the return is false, is by bill in equity or by action against the officer.

   Cases cited: Wilson *v.* Moss, 7 Heis., 418; McBee *v.* State, Meigs, 122; Ridgeway *v.* Bank, 11 Hum., 525; Gardner *v.* Barger, 4 Heis., 671.

2. SUPREME COURT. *Objection made after hearing comes too late.*

   Objection made after hearing of cause that transcript or assignment of errors was not filed within the time required by the rules of Court, comes too late.

---

FROM DEKALB.

---

Appeal in error from Circuit Court of DeKalb County. M. D. SMALLMAN, J.

B. M. WEBB for Webb.

WADE & ROBINSON and P. M. ESTES and MOREAN P. ESTES for Insurance Co.

WILKES, J.   This is a petition to supersede and quash an execution upon the ground that the petitioner, Webb, was never served with process, and the judgment of the Justice of the Peace of Davidson County was therefore void for want of jurisdiction.

There was a motion to dismiss, which was sustained so far as petitioner sought to obtain a new trial, but overruled so far as the petitioner sought to supersede the execution issued in DeKalb County on an execution certified from Davidson County.   The trial Judge heard the case upon the evidence, and granted the relief prayed for, and plaintiff has appealed and assigned errors. We think there is error in the action of the Court below in declining to dismiss the petition outright.   In the case of *Wilson* v. *Moss,* 7 Heis., 418, it appeared that the petitioner had a good defense upon the merits, and that the judgment against him was unjust, but the allegations in the petition that the petitioner was never served with process was contradicted by the return of the officer indorsed on the warrant, and it was held that no allegations could avail against such return.   Citing *McBee* v. *State,* Meigs, 122; *Ridgeway* v. *Bank,* 11 Hum., 525; *Gardner* v. *Barger,* 4 Heis., 671.

This did not deprive the petitioner of his remedy in chancery, nor by action against the officer making the false return.   In the present

Insurance Co. *v.* Webb.

case there was a return of service indorsed on the warrant by the officer, and it could not be contradicted by parol upon a petition to supersede the execution.

It is objected that the record in this case was not filed until the tenth of December, and hence the case does not stand for trial at the present term of the Court.

And again, that the errors were not assigned within the time prescribed by the rule. The original record appears to have been filed December 2, and the assignment of errors on the tenth of December. A supplemental and amended transcript appears to have been filed at the latter date, and we will presume it was done either upon a suggestion of diminution or by consent. No objection was made to either the transcript or assignments until after the case was called and heard, and we think the objections are not well taken, and come too late.

The judgment of the Court below is reversed, and the suit dismissed at petitioner's cost.