ROYAL CLOTHING COMPANY

*v.*

A. D. HOLLOWAY, JR.

(*Knoxville*, September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

HUGHES & MAYFIELD, Chattanooga, for plaintiff in error.

ROBERTS & WEILL, Chattanooga, for defendant in error.

Mr. Justice Felts delivered the opinion of the Court.

On September 26, 1960, the Royal Clothing Company brought a suit in the General Sessions Court against A. D. Holloway, Jr., for a balance due on a title retention contract, and on October 10, 1960, recovered a judgment against him for the sum of $167.37.

On November 15, 1960, Holloway filed in the Circuit Court a petition for certiorari and supersedeas, averring that he had not executed the alleged contract, that no process in said suit was served on him, and he had no knowledge of the suit or the judgment until garnishment was levied on his wages on October 28, 1960; and that he owes plaintiff nothing, said judgment is wholly unjust, and that he would have appealed therefrom had he known of it in time. The writs of certiorari and supersedeas were issued upon the pauper's oath.

Plaintiff Royal Clothing Company filed a motion to dismiss the petition and to quash the writs of certiorari and supersedeas upon a number of grounds, one of which was that the petition was wholly insufficient in law because petitioner could not impeach the officer's return

which showed process had been regularly served upon petitioner.

On December 8, 1960, plaintiff's motion to dismiss the petition and quash the writs was heard before Judge Hunter and overruled. Plaintiff excepted and prayed an appeal, which, for the time being, was denied. On March 6, 1961, the whole case came on to be heard on the merits before Special Judge John C. Goins; and neither party offered any proof but the case was submitted upon the petition, the exhibits thereto (the General Sessions warrant, the officer's return thereon, and the judgment), and the motion to dismiss.

The Special Judge entered judgment dismissing the case and taxing the costs against plaintiff Clothing Com pany. Plaintiff appealed in error and has assigned errors insisting that the officer's return on the General Sessions Court warrant, on which the judgment was rendered, showed that petitioner Holloway was served with process and that he cannot be permitted to deny such service or, but his oath alone, to impeach the officer's return.

■ It is held in a number of our cases that a motion to dismiss a petition for certiorari is to be treated like a demurrer and on such motion the allegations of the petition are to be treated as true except as to facts shown by the record. In *Wilson v. Moss*, 54 Tenn. 417, 419, it is said: "Upon a motion to dismiss a petition for certiorari, the facts stated in the petition are taken to be true, except as to matters contradicted by the record."

■ One of the facts which the petition attempts to contradict is the officer's return showing service on petitioner. It is well settled that the officer's return is regarded in law as the best evidence of the fact it states,

and the oath of an interested party is not sufficient in law to overcome such return. *Wilson v. Moss,* supra; *Harris v. Gleghorn,* 80 Tenn. 381. In *Insurance Co. v. Webb,* 106 Tenn. 191, 61 S.W. 79, it was said:

> "In the case of *Wilson v. Moss,* 7 Heisk. 418, it appeared that the petitioner had a good defense upon the merits, and that the judgment against him was unjust; but the allegations in the petition that the petitioner was never served with process was contradicted by the return of the officer indorsed on the warrant, and it was held that no allegations could avail against such return" (citing cases).

We think petitioner Holloway has mistaken his remedy. That remedy was not by petition for certiorari and supersedeas attempting to contradict the officer's return, but by bill in chancery to annul the judgment, or by action against the officer for false return. *Myers v. Wolf,* 162 Tenn. 42, 55-58, 34 S.W.2d 201.

Since petitioner could not, by petition for certiorari, contradict the officer's return which showed service of process upon him, the Trial Judge erred in dismissing the case and should have rendered judgment on the merits for the amount of respondent's judgment against petitioner.

The Circuit Court's judgment of dismissal is reversed and a judgment will be entered in this Court for respondent Royal Clothing Company against petitioner A. D. Holloway, Jr., for the amount of the General Sessions Court judgment, with interest and costs. The costs of the appeal in error are adjudged against petitioner Holloway.