# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

June 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FIRST DEPOSIT NATIONAL BANK,   )
   )
      Plaintiff/Appellee,   )
   )
   )   Appeal No.
   )   01-A-01-9809-CH-00505
VS.   )
   )   Davidson Chancery
   )   No. 96-3977-II
MEN K. QUACH,   )
   )
      Defendant/Appellant.   )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. MCCOY, CHANCELLOR

JOHN E. BUFFALOE, JR.
JOHN A. BARNEY
BUFFALOE & SHARP
201 Fourth Avenue North, #1300
Nashville, Tennessee 37219
      Attorney for Plaintiff/Appellee

JOHN L. WHITFIELD, JR.
MOODY, WHITFIELD & CASTELLARIN
95 White Bridge Road
Suite 509, Cavalier Building
Nashville, Tennessee 37205
      Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

This is an attack on the service of a summons. The Chancery Court of Davidson County refused to set aside a default judgment based on the sheriff's return. We affirm.

## I.

On December 18, 1996, the First Deposit National Bank sued Men K. Quach on a sworn account for a credit card balance. Process issued from the clerk and master's office in Davidson County, showing the defendant's address as a business on Charlotte Avenue in Nashville. In due course the process was returned by the sheriff, showing that the defendant was personally served on December 20, 1996.

On February 27, 1997, the court granted the plaintiff a default judgment, based on the fact that the defendant had not filed an answer within the time allowed by law. On June 4, 1998, Mr. Quach filed a motion for relief from the judgment under Rule 60.02, Tenn. R. Civ. Proc. Along with the motion Mr. Quach filed his own affidavit, denying that he had ever obtained a credit card from the plaintiff or that he was indebted to the plaintiff in any amount. The affidavit went on to assert that Mr. Quach was not aware that he had been sued until he was served with interrogatories some time after May 13, 1998. The court denied the motion to set aside the judgment.

Mr. Quach then filed a Rule 59.04 motion to alter or amend the judgment denying him Rule 60 relief. He filed an additional affidavit denying that he owned the Charlotte Pike property on December 20, 1996. He further averred that Bon Hout Ung

operated the Charlotte Pike business and that Bon Hout Ung had fraudulently obtained the credit card from the plaintiff in the name of Mr. Quach. In addition, Mr. Quach furnished the affidavit of a real estate agent who represented him in the sale of the Charlotte Pike restaurant to Bon Hout Ung in 1994. In 1996, according to the realtor's affidavit, Mr. Ung was operating the restaurant and Mr. Quach was operating a movie rental business in Spring Hill, Tennessee.

The chancellor denied the motion to alter or amend.

## II.

A judgment obtained without jurisdiction over the defendant is void. *Overby v. Overby*, 457 S.W.2d 851 (Tenn. 1970). A void judgment is one of the grounds for relief under Rule 60, Tenn. R. Civ. Proc. *See* Rule 60.02(3).

Mr. Quach's affidavit asserts that he was not served by the officer. But "it is well settled that the officer's return is regarded in law as the best evidence of the fact it states, and the oath of an interested party is not sufficient in law to overcome such return." *Royal Clothing Company v. Holloway*, 347 S.W.2d 491 (Tenn. 1961). On the Rule 60.02(3) motion the only proof contradicting the return was Mr. Quach's own affidavit. Therefore, the chancellor was correct in denying the motion.

With the motion to alter or amend, Mr. Quach filed another affidavit of his own, and the realtor's affidavit. We have our doubts that these affidavits are even relevant to the Rule 60 motion. But even if they are, the realtor's affidavit does not corroborate Mr. Quach's denial. The realtor only says that Mr. Quach had sold the business located on the property and that he operated another business in Spring Hill. Mr. Quach states, however, that he still owned the property where the business was located. The only evidence attacking the sheriff's return is still the oath of Mr. Quach.

As we have noted, that is not enough to overcome the presumption that the sheriff's return is correct.

- 4 -

The judgment of the lower court is affirmed, and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.


_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE