IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**MEMPHIS PUBLISHING COMPANY,**

     Plaintiff-Appellee,

                               Shelby Circuit No. 88448

Vs.                       C.A. No. 02A01-9803-CV-00082

**CABLE CONNECTION, INC.,
ELIZABETH FORREST AKA LIZ
FORREST; AND DORIS J.
FORREST, ALIAS ELIZABETH
FORREST AKA LIZ FORREST,**

     Defendants-Appellants.



**FILED**

**August 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE KAY S. ROBILIO, JUDGE

William R. Swain, Jr., of Cordova
For Appellee

Louis R. Lucas
Lucas, Thompson, Ryan & Sossaman of Memphis
For Appellants

***REVERSED IN PART, AFFIRMED IN PART AND REMANDED***

Opinion filed:

                                     **W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     Defendants/Appellants, Cable Connection, Inc., Elizabeth Forrest aka Liz Forrest, and

Doris J. Forrest alias Elizabeth Forrest aka Liz Forrest, appeal the order of the trial court granting

Plaintiff/Appellee's, Memphis Publishing Company, motion to affirm the judgment of the

general sessions court.

Appellee filed suit in the General Sessions Court of Shelby County against the Appellants for failure to pay for advertising pursuant to a contract entered into by the parties. The contract was signed by Cable Connection, Inc., a Tennessee corporation, and personally guaranteed by Liz Forrest, president of Cable Connection, Inc., and Glenn Forrest. On June 9, 1997, the general sessions court entered judgment in favor of the Appellee in the amount of $14,999.99 against Appellants. The Appellants appealed this judgment to the Circuit Court of Shelby County, and they filed an answer asserting, *inter alia*, that proper service was not obtained on any of the parties. They also filed a counterclaim contending, *inter alia*, that Appellee's failure to dismiss its complaint constituted a breach of the parties' contract. The Appellee filed a "Motion to Affirm Judgment of the General Sessions Court" wherein it asserted as a basis for the motion that the Appellants have willfully failed to respond to interrogatories and request for documents or to comply with the trial court's October 1, 1997 order requiring them to properly answer interrogatories and request to produce documents. The Appellee also filed a "Motion to Dismiss Counter-Complaint and to Strike Other Pleadings Filed by Defendants."

On February 17, 1998, the trial court entered an order granting Appellee's motions. The order dismissed the counter-complaint and demand for jury trial and struck the other pleadings of the Appellants. Finally, the order affirmed the judgment of the general sessions court against the Appellants and recites that the order is a sanction for failure to respond to interrogatories and to produce documents. This appeal ensued, and the Appellants present the following issues, as stated in their brief, for our review:

> 1. Where the record does not demonstrate service on any of the individual Defendants and where the Judgment reflects only service on a clerical employee not an officer, director or managing agent of the Defendant corporation, did either the Court of General Sessions or the Circuit Court have jurisdiction to enter a judgment?

> 2. Where the Plaintiff secures an Order affirming the Judgment of the General Sessions Court primarily on the basis stated by the Court that the pro se Defendants failed to respond to a discovery request, and where the discovery in fact was responded to and that fact was not noted by the Circuit Court in its Order, should the Judgment be vacated and the case be remanded for trial to the Circuit Court of Shelby County?

With regard to the service of process issue, the record before us consists of, first of all,

2

a civil warrant issued December 16, 1996 against Cable Connection, Inc., Elizabeth Forrest aka Liz Forrest, and Glenn Forrest.[1]  The return on the warrant states that after diligent search and inquiry Cable Connection, Inc., Elizabeth Forrest, and Glenn Forrest were not to be found in Shelby County.  The record also contains another civil warrant issued April 16, 1997 against Cable Connection, Inc., Elizabeth Forrest aka Liz Forrest, Glenn Forrest, and Doris Forrest alias Elizabeth Forrest aka Liz Forrest.  The return on this warrant states: "Served Laura Reece Agent/Officer for Cable Connection."  There is another civil warrant issued April 21, 1997 but file stamped April 16, 1997 in the record against the same individuals.  The return on this warrant states that it was served upon Elizabeth Forrest aka Liz Forrest.

Appellants assert that proper service was not obtained on any of the parties.  With regard to Cable Connection, Inc., the Appellants assert that there is no proof in the record that Laura Reece was an officer, director or agent of the corporation and, therefore, Cable Connection, Inc. was not properly served.  Appellants argue that because of defective service of process, the judgment of the trial court is void.     With regard to Cable Connection, Inc., Tenn. R. Civ. P. 4.04(4) provides as follows:

> **4.04.  Service Upon Defendants within the State --** The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary.  Service shall be made as follows:
>
>       *            *            *
>
> (4) Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

"It is well settled that the officer's return is regarded in law as the best evidence of the fact it states, and the oath of an interested party is not sufficient in law to overcome such return."  *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574-575, 347 S.W.2d 491, 492 (1961).  The return on the civil warrant served on Cable Connection, Inc. stated: "Served Laura Reece Agent/Officer for Cable Connection."  There is nothing in the record to effectively rebut the conclusiveness of the officer's return that Laura Reece was an agent/officer of Cable Connection, Inc. Cable Connection, Inc. was properly served thereby giving the court jurisdiction over the

---

[1]  The Appellee took a non-suit as to Glenn Forrest.

corporation.

As for the other parties, the record is unrebutted that service was obtained on Elizabeth Forrest aka Liz Forrest. Elizabeth Forrest and Doris Forrest are allegedly one and the same person, and there is nothing in the record to rebut that they are not one and the same. In the absence of any evidence to rebut the conclusiveness of the officer's return, the Appellants were properly served and before the court.

With regard to the second issue, various sanctions against a party are provided for under provisions of the Tennessee Rules of Civil Procedure when a party abuses the discovery process. *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 698 (1988). The exercise of discretion by a trial court in imposing such sanctions will not be disturbed on appeal in the absence of an affirmative showing of an abuse of that discretion. *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *Roberts v. Blount Mem'l Hosp.*, 963 S.W.2d 744, 747 (Tenn. App. 1997).

Individual sets of interrogatories and request for documents to Elizabeth Forrest aka Liz Forrest, Doris Forrest aka Liz Forrest, and Cable Connection, Inc. were filed by the Appellee on July 24, 1997. On September 17, 1997, the Appellee filed a "Motion of Plaintiff for Sanctions for Failure to Serve Answers to Interrogatories and for Production of Documents" requesting the trial court to dismiss the Appellants' appeal from the general sessions court and to affirm the judgment from that court. The trial court's order affirming the general sessions judgment refers to an order entered October 1, 1997, but this order is not in the record. Apparently, the Appellants were ordered to respond to the interrogatories and request for documents. On October 27, 1997, the Appellants filed an answer to the interrogatories and request for production of documents on behalf of Cable Connection, Inc. and Liz Forrest. The February 17, 1998 order states in pertinent part:

> 3. The Motion to Affirm the Judgment of the General Sessions
> Court is granted pursuant to the Order entered in this cause on
> October 1, 1997 because of the willful failure of the Defendants
> to respond to interrogatories and to produce documents requested
> of them pursuant to Rule 33 and 34, T.R.C.P. . . .

Contrary to the trial court's order, the Appellants did in fact respond to the discovery request. Furthermore, regardless of the Appellee's assertion that the Appellants' answers to the interrogatories were inadequate and evasive, there was no hearing to determine whether this was the case. In the absence of such a finding and in light of the fact that the Appellants did respond

4

to the interrogatories, the trial court abused its discretion in imposing this particular sanction on the Appellants.

Although Appellants have raised no issue concerning the trial court's action in striking the pleadings filed in the cause, we should point out that the trial court correctly struck all the pleadings filed on behalf of the defendant, Cable Connection, Inc. The corporation cannot be represented by a nonlawyer, and thus cannot act *pro se*. *See Old Hickory Eng'g & Machine Co. v. Henry*, 937 S.W.2d 782, 785 (Tenn. 1996).

Accordingly, the order of the trial court affirming the judgment of the general sessions court is reversed and in all other respects is affirmed. The case is remanded for such further proceedings as are necessary. Costs of appeal are assessed one-half against Appellants and one-half against Appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**