IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2018 Session

## DEBORAH HART v. MEMPHIS LIGHT GAS & WATER DIVISION

**Appeal from the Circuit Court for Shelby County**
**No. CT-001912-15  Valerie L Smith, Judge**

_____

### No. W2018-00254-COA-R3-CV

_____

The parties dispute whether, under Tennessee Code Annotated section 16-15-710, the applicable statute of limitations was tolled by service of process when no proof of service was returned to the court as required under Tennessee Code Annotated section 16-15-902(a).  Under the holding in ***Fair v. Cochran***, 418 S.W.3d 542 (Tenn. 2013), we conclude, as did the trial court, that Appellee's failure to make return to the court did not, *ipso facto*, constitute a lack of service of process such that the statute of limitations expired.  Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Sean A. Hunt, Memphis, Tennessee, for the appellant, Memphis Light, Gas, & Water Division.

Thomas R. Greer, R. Sadler Bailey, and Vance Montgomery, Memphis, Tennessee, for the appellee, Deborah Hart.

### OPINION

This case arises from a car accident that occurred on March 16, 2009.  Appellee Deborah Hart's vehicle was struck by a vehicle owned and operated by Appellant Memphis Light, Gas, and Water Division ("MLGW").  Ms. Hart's original attorney, Bradley Ball, filed a civil warrant in the general sessions court on March 12, 2010.  On March 13, 2010, Mr. Ball served MLGW by certified mail.  In the trial court, Mr. Ball

stated that the certified mail receipt was returned to him properly executed. At this point, a dispute of fact arose. Mr. Ball alleges that he made return of service to the general sessions court clerk's office. This return, however, was not found. Mr. Ball claims that the clerk's office misplaced it; MLGW claims that Mr. Ball never made the return. For reasons which are unclear, the case was not initially docketed by the clerk's office. However, MLGW's attorney appeared before the general sessions court on September 10, 2010, which was the date placed on the original civil warrant when the case was filed. At a later hearing before the general sessions court, Appellant's original attorney, Ms. Cozart, admitted that Appellant was, in fact, served with process. There is no transcript of the general sessions court proceedings. On or about April 24, 2015, MLGW filed a motion to dismiss due to the lack of proof of return of service in the court's file. Thereafter, on April 27, 2015, Mr. Ball took a defense verdict and then filed an appeal to the circuit court that same day.

In the circuit court, MLGW again filed a motion to dismiss on the ground that Mr. Ball's failure to make a return on the service of process negated proper service and resulted in the expiration of the statute of limitations. At the hearing on the motion, Mr. Ball testified that he served the Appellant by certified mail in March 2010 and made return to the general sessions court clerk. Mr. Ball further testified that MLGW's original attorney, Ms. Cozart, admitted, during a general sessions court appearance, that MLGW received service by certified mail. MLGW did not call Ms. Cozart as a witness, nor did it put on any other countervailing proof to challenge Mr. Ball's testimony. The circuit court denied MLGW's motion finding that Mr. Ball's testimony was credible and that the statute of limitations had not expired. MLGW's request for interlocutory appeal was denied, and the case proceeded to trial on January 18, 2018. The trial court ultimately entered judgment for $155,084.77 in favor of Ms. Hart. MLGW appeals.

The sole issue for review is whether the trial court erred in finding that the failure to make return on the service of process did not constitute insufficient service of process resulting in the expiration of the statute of limitations.

Because this case was tried by the court, sitting without a jury, this Court conducts a *de novo* review of the trial court's decision with a presumption of correctness as to the trial court's findings of fact, unless the evidence preponderates against those findings. *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). This Court reviews the trial court's resolution of legal issues without a presumption of correctness. *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn. 2001).

As noted below, the trial court made a specific finding that Mr. Ball was a credible witness. The weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. **Roberts v. Roberts**, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). With regard to credibility determinations, this Court has stated:

> When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. Further, "[o]n an issue which hinges on the credibility of witnesses, the trial court will not be reversed unless there is found in the record clear, concrete, and convincing evidence other than the oral testimony of witnesses which contradict the trial court's findings."

**In re M.L.P.**, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing **Seals v. England/Corsair Upholstery Mfg. Co., Inc.**, 984 S.W.2d 912, 915 (Tenn. 1999)); **In re Estate of Leath**, 294 S.W.3d 571, 574–75 (Tenn. Ct. App. 2008). Accordingly, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. **In re M.L.P**., 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing **Seals v. England/Corsair Upholstery Mfg. Co.**, 984 S.W.2d 912, 915 (Tenn. 1999)).

Furthermore, to the extent that the issue requires a review of statutory construction and interpretation, it presents a question of law, which we review *de novo* without a presumption of correctness. *See* **Cunningham v. Williamson Cnty. Hosp. Dist.**, 405 S.W.3d 41, 43 (Tenn. 2013) (citing **Mills v. Fulmarque, Inc**., 360 S.W.3d 362, 366 (Tenn. 2012)); **Myers v. AMISUB (SFH), Inc**., 382 S.W.3d 300, 308 (Tenn. 2012); Estate of French v. Stratford House, 333 S.W.3d 546, 554 (Tenn. 2011). Our Supreme Court has summarized the principles involved in reviewing statutory construction as follows:

> Our consideration of a question of statutory construction is without any deference to the trial court. *See* **In re Estate of Tanner**, 295 S.W.3d 610, 613 (Tenn. 2009). When addressing the interpretation of a statute, well-defined precepts apply. **Colonial Pipeline**, [**Co. v. Morgan**,] 263 S.W.3d [827,] at 836 [(Tenn. 2008)]. "Our primary objective ... is to carry out the intent of the legislature without unduly broadening or restricting the statute." **Nichols** [**v. Jack Cooper Transport Co.**,] 318 S.W.3d [354,] at 359-60 [(Tenn. 2010)]. When a statute is clear, we apply the plain meaning without complicating the task, and simply enforce the written language. **Abels ex rel. Hunt v. Genie Indus., Inc.**, 202 S.W.3d 99, 101-[1]02 (Tenn. 2006) (quoting **Calaway ex rel. Calaway v. Schucker**, 193 S.W.3d 509, 516 (Tenn. 2005)). When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources

to discern its meaning. *Colonial Pipeline*, 263 S.W.3d at 836. Further, courts must presume that our General Assembly was aware of its prior enactments and knew the state of the law at the time the legislation was passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 400 (Tenn. 2013). With the foregoing principles in mind, we turn to the issue.

The crux of MLGW's appellate argument is that Ms. Hart's attorney, Mr. Ball, did not comply with the requirements of Tennessee Code Annotated section 16-15-902 concerning service of process in the general sessions court. The statute provides, in relevant part, that "[a]ny person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond, make proof of service to the court . . . ." Tenn. Code Ann. § 16-15-902(a). Specifically, MLGW contends that Mr. Ball failed to "make proof of service" to the general sessions court clerk after MLGW was served by certified mail. Arguing that making proof of service to the court is mandatory to achieve proper service, MLGW contends that it was never properly served. Accordingly, MLGW contends that, in order to toll the applicable statute of limitations, Ms. Hart was required to comply with Tennessee Code Annotated section 16-15-710, which provides:

The suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not; but if the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous process, or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

It is undisputed that Ms. Hart did not follow the procedure set out in section 16-15-710 for unserved process. Rather, Ms. Hart relied on the original commencement of the action in general sessions court to toll the statute of limitations. In the first instance, the plain language of section 16-15-710 outlines the mechanisms for preserving commencement of a civil action "if the process is returned unserved." Here, Mr. Ball testified that the process was returned served (not unserved), but he acknowledges that the return receipt is absent from the general sessions record. Although there is a dispute as to whether Mr. Ball or the general sessions court clerk's office is at fault for the missing return, the gravamen is whether the lack of proof of return of service of process in the general sessions court results in ineffective service of process such that the statute of limitations was not tolled by commencement of the action in the general sessions

- 4 -

court.

The Tennessee Supreme Court has addressed the foregoing question in the context of the interplay between Tennessee Rules of Civil Procedure 3 and 4.03(1). *Fair v. Cochran*, 418 S.W.3d 542 (Tenn. 2013). While we acknowledge that the general sessions court is a court of limited jurisdiction, and the rules of civil procedure are generally inapplicable to the general sessions court, Tenn. R. Civ. P. 1., the language of Tennessee Rules of Civil Procedure 3 and 4.03(1) is almost identical to the language used in the general sessions court statutory counterparts to Rules 3 and 4.03(1), i.e., Tennessee Code Annotated sections 16-15-710 and 15-15-902, respectively. By comparison, Tennessee Rule of Civil Procedure 3 states, in relevant part, that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." Tennessee Code Annotated section 16-15-710, which applies strictly to general sessions court, states, in pertinent part, that "[t]he suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not . . ." Rule 3 continues:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from the issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Compare the foregoing language with Tennessee Code Annotated section 16-15-710, which states:

> [I]f the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous process, or plaintiff must recommence the actions within one (1) year after the return of the initial process not served.

Now, compare Tennessee Rule of Civil Procedure 4.03(1) and Tennessee Code Annotated section 16-15-902. Rule 4.03(1) states, in relevant part, that "[t]he person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service." Tennessee Code Annotated section 16-15-902(a) states: "Any person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond,

- 5 -

make proof of service to the court and shall identify the person served and shall describe the manner of service."

The side-by-side comparison, *supra*, shows that the language and requirements of Rules 3 and 4.03(1) and Tennessee Code Annotated sections 16-15-710 and 16-15-902(a) are substantively identical. Accordingly, we conclude that the Tennessee Supreme Court's analysis in *Fair* concerning the question of "whether the return of proof of service of process 412 days after the issuance of a summons precludes [a plaintiff] from relying upon the original commencement of the lawsuit to toll the statute of limitations," *Fair*, 418 S.W.3d at 544-45, is dispositive of the same question under Tennessee Code Annotated sections 16-15-710 and 16-15-902(a).

In its analysis, the *Fair* Court began with a discussion of the Rule 3 language, "[a]ll civil actions are *commenced* by filing a complaint with the clerk of the court. An action is *commenced* within the meaning of any statute of limitations upon such filing of the complaint, *whether process be issued or not issued and whether process be returned served or unserved.*" *Fair*, 418 S.W.3d, at 545 (emphases in original). From the foregoing language, the court noted that Rule 3 ". . . clearly identifies the filing of the complaint as the event that commences a civil action." *Id*. The court then turned to the remaining portion of Rule 3, which "addresses whether a plaintiff may, or may not, rely upon the original commencement, i.e., the filing of the complaint, to toll the statute of limitations." *Id*. The court stated:

> Where process has issued, Rule 3 unambiguously instructs that the effectiveness of the original commencement to toll the running of a statute of limitations depends initially upon whether process is served within ninety days of issuance. If process is not served within ninety days of issuance, a plaintiff cannot rely upon the original commencement to toll the statute of limitations unless the plaintiff obtains issuance of new process within one year of issuance of the previous process. Tenn. R. Civ. P. 3. **Conspicuously absent from Rule 3 is any language indicating that the prompt return of proof of service of process is necessary to render commencement effective to toll the statute of limitations** . . . [T]he plain language of the current version of Rule 3 does not link the effectiveness of the original commencement to toll a statute of limitations to the return of proof of service of process. *See* Tenn. R. Civ. P. 3 advisory commission cmt. (1998) ("The amendment ... removes the former eventuality of failure to return process within 30 days.").

*Fair*, 418 S.W.3d 545. (Emphasis added). Thus, the court determined that Rule 3 does not require a plaintiff to return proof of service within ninety days to rely on the original commencement to toll the statute of limitations. *Id.*

As in the case at bar, the appellant in *Fair* relied on the language "[t]he person

serving the summons shall promptly make proof of service to the court," Tenn. R. Civ. P. 4.03(1) for the proposition that failure to make prompt return invalidated the service of process. The Tennessee Supreme Court disagreed, stating:

> Rule 4.03(1) does not state that promptly returning proof of service to the court is necessary to accomplish service. To the contrary, "[t]he return of service is "'a written account of the actions taken by the person making service to show to whom and how the service was made, or the reason service was not made.'" *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (quoting 3 Nancy Fraas MacLean, <u>Tennessee Practice Series–Rules of Civil Procedure Annotated</u> § 4:15 (4th ed.2008)). The return is a means to prove that service of process has actually been accomplished. *See* ***Royal Clothing Co. v. Holloway***, 208 Tenn. 572, 347 S.W.2d 491, 492 (1961); ***Brake v. Kelly***, 189 Tenn. 612, 226 S.W.2d 1008, 1011 (1950). When a dispute arises as to whether service of process has been accomplished, a trial court may properly consider any delay in filing the return when weighing the evidence and resolving the dispute. However, no language in Rule 4.03(a) states or implies that the failure to return proof of service promptly renders commencement ineffective to toll the statute of limitations. So long as service of process is accomplished within ninety days of issuance of a summons, or new process is issued within one year of issuance of the previous process, a plaintiff may rely upon the original commencement to toll the statute of limitations. Tenn. R. Civ. P. 3.5

*Fair*, 418 S.W.3d 546. We concede that the version of Rule 4.03(1) applicable in *Fair* differs from the language in Tennessee Code Annotated section 16-15-902(a) in that the statute states that proof of service shall be made "promptly and ***within the time during which the person is served must respond***." (Emphasis added). Concerning Rule 4.03(1), the *Fair* Court noted:

> Although Rule 4.03 directs a person serving a summons to "promptly make proof of service to the court," the rule does not define "promptly" by reference to a specific time period. In this respect, the current version of Rule 4.03 differs from the pre–1998 version of the rule, which essentially equated "promptly" with thirty days, by requiring the return to be made "within the time during which the person served must respond." *See* Tenn. R. Civ. P. 4.03 advisory commission cmt. (1998) ("The amendment ... removes the former requirement that a return must be made within the time during which the person served must respond."); see Tenn. R. Civ. P. 12.01 ("A defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant.").

The inclusion, in our statute, of the language that was removed from Rule 4.03(1) by the

1998 amendment does not negate our reliance on *Fair*. Like Rule 4.03(1), Tennessee Code Annotated section 16-15-902 "does not state that promptly returning proof of service to the court is necessary to accomplish service." *Fair*, 418 S.W.3d at 546. We acknowledge that, unlike the case at bar, the *Fair* plaintiff did, in fact, make return of proof of service to the court (at day 412). Here, however, the return receipt and affidavit are lost, and it is likely that return of proof of service will never be made on the original process. Nonetheless, our reading of *Fair* leads us to conclude that Ms. Hart's failure to make return to the court does not, *ipso facto*, constitute a lack of service of process.

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Memphis Light, Gas & Water Division and its surety, for all of which execution may issue if necessary.

 

 

_____
KENNY ARMSTRONG, JUDGE