IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 11, 2020 Session

**DOROTHY ESKRIDGE, WIFE AND NEXT OF KIN OF CURTIS ESKRIDGE, DECEASED v. NHC HEALTHCARE FARRAGUT, LLC, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 3-34-18     Deborah C. Stevens, Judge**

_____

**No. E2019-01671-COA-R3-CV**

_____

This appeal arises from a healthcare liability action.  In these proceedings, the plaintiff filed a complaint against the defendants in January 2018.  The Trial Court issued summonses the following day, and the plaintiff's attorney took the summonses to serve through private process instead of through the local sheriff's department.  Service was subsequently completed on the defendants' registered agent eighty-nine days after issuance of the summonses.  The defendants filed an answer raising as an affirmative defense that the defendants had not been properly served with process pursuant to Tennessee Rule of Civil Procedure 4.  The returns for the original summonses were not filed with the Trial Court until January 2019.  The plaintiff filed a motion to strike the defendants' affirmative defense alleging that the defendants had not sufficiently pled it pursuant to Tennessee Rule of Civil Procedure 8.03.  Thereafter, the defendants filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure 4.01(3) and 12.02(4)-(5), alleging intentional delay of process, insufficient service of process, and insufficient process.  The Trial Court denied the plaintiff's motion to strike the affirmative defense and granted the defendants' motion to dismiss.  The plaintiff appeals.  Upon a review of the record, we affirm the Trial Court's denial of the plaintiff's motion to strike but reverse the Trial Court's grant of the defendants' motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Linn Guerrero, Knoxville, Tennessee, for the appellant, Dorothy Eskridge, wife and next of kin of Curtis Eskridge, deceased.

Rachel P. Hurt, Knoxville, Tennessee, for the appellees, National Health Realty, Inc.; National Health Corporation; National HealthCare Corporation; NHC Healthcare/Farragut, LLC; and NHC/Delaware, Inc.

## OPINION

### Background

Dorothy Eskridge, wife and next of kin of Curtis Eskridge, deceased, ("Plaintiff") filed a healthcare liability action on January 31, 2018. Summonses were issued for the defendants, NHC Healthcare/Farragut, LLC; National Healthcare Corporation; National Health Corporation; National Health Realty, Inc.; and NHC/Delaware, Inc. (collectively, "Defendants"), on February 1, 2018. Plaintiff's attorney took the summonses to serve through private process instead of utilizing service through the local sheriff's department. One of Plaintiff's attorneys personally served the summonses on Defendants through their registered agent, National Registered Agents, Inc., on May 1, 2018, eighty-nine days after issuance of the summonses.

In June 2018, Defendants filed an answer, denying liability and asserting as one of their affirmative defenses their denial that Plaintiff had properly served Defendants with process. Defendants' answer stated as follows, in pertinent part:

> In further affirmative defense, it is denied that Plaintiff properly served Defendants in accordance with Rule 4 of the Tennessee Rules of Civil Procedure, and for same, Defendants move that the claims against them be dismissed in accordance with Rule 12.02(4) and (5) of the Tennessee Rules of Civil Procedure.

On January 4, 2019, Plaintiff filed the returns of the original summonses with the Trial Court. Each summons reflected the same return information. On the returns, the individual serving process stated that he had received the summonses on February 1, 2018, and certified that on May 1, 2018, he had "served this summons and Complaint in the following manner: personal service on National Registered Agents, Inc., Samantha Sutton." The summonses were signed by one of Plaintiff's attorneys, who had served the summonses on Defendants' agent.

Subsequently on January 11, 2019, Plaintiff filed a "Motion to Dismiss or Strike Insufficiency of Service of Process or Insufficiency of Process Defense," alleging there was no basis to assert such defense. According to Plaintiff, Defendants were served within ninety days of issuance of the summons. Alternatively, Plaintiff argued that Defendants

- 2 -

waived this affirmative defense because they "merely cited service was not properly made under Tenn. R. Civ. P. 4" and "gave no factual basis [in their answer] as to why service was not proper" as required by Tennessee Rule of Civil Procedure 8.03, which requires Defendants to set forth facts "in short and plain terms" supporting their assertion of an affirmative defense.

On January 17, 2019, Defendants filed a motion to dismiss the action, alleging that Plaintiff failed to timely serve the summonses and complaint on Defendants. According to Defendants' motion, Defendants were not served until eighty-nine days after the summonses were issued, which Defendants argue was not "contemporaneously with" or "soon after" the summonses were issued. Defendants further argue that "nothing but the intentional decision not to serve the summons and Complaint explains the delay in service of the Complaint" and that "[n]o 'efforts' were made until May 1, 2018."

In their motion, Defendants stated that the registered agent for all Defendants was the same, National Registered Agents, Inc., and their address was known to Plaintiff's lawyer at the time the summonses were issued. Defendants place emphasis on the location of National Registered Agent, Inc.'s office, which was located one block east from the Knox County Circuit Court Clerk's Office, where the summonses were issued. According to Defendants, "[s]o as to not cause intentional delay, upon leaving the Courthouse, the Complaints and summonses could have been served via hand-delivery by walking one block east." Defendants also assert that Plaintiff could have served Defendants by U.S. Mail. Defendants further stated that the law office of Plaintiff's counsel was located 0.5 miles from the facility of the defendant, NHC Healthcare/Farragut, LLC, and that "but for intentional delay, the summons and Complaint could have been served on Defendant facility the same day that the summonses were issued."

As part of its argument that Plaintiff intentionally delayed service, Defendants point to the fact that Plaintiff's counsel requested issuance of alias summonses on January 4, 2019, and promptly served Defendants' agent for process five days thereafter. Defendants stated that the alias summonses were served within five days and was prompt service of the alias summonses. However, Defendants argued that "because the original summonses were served within 90 days, the alias summonses are not effective to toll the one-year statute of limitations." According to Defendants' motion, Plaintiff had intentionally delayed service of the original summonses, and therefore, the complaint was not effective to toll the statute of limitations. Defendants attached to their motion to dismiss the returns of the summonses served upon them.

In January 2019, Plaintiff filed a response to the motion to dismiss. Plaintiff requested the Trial Court deny the motion to dismiss due to the lack of evidence presented by Defendants that Plaintiff had intentionally delayed service of process. Plaintiff argued that Defendants must prove intent and that proving negligence or even gross negligence by

Plaintiff in waiting to serve Defendants until day eighty-nine was insufficient to prove intent as required for Tennessee Rule of Civil Procedure 4.01(3). According to Plaintiff, "Defendants must prove Plaintiff intentionally did not serve promptly versus inadvertently or even stupidly forgetting to serve until day 89," and they had not attempted to prove this.

Plaintiff further alleged that Defendants had acknowledged that they were served with process within ninety days of issuance of the summonses which Plaintiff argued was "per se prompt service." Additionally, Plaintiff averred that Defendants bear the burden of proving intentional delay and that a motion for summary judgment would be necessary instead of the motion to dismiss before the Trial Court. Plaintiff further argued that Defendants had waived any defense based on insufficiency of service of process because they had "cagily refused to reveal the factual basis of the defense" in their answer and only provided this factual basis after Plaintiff moved to strike the defense.

The Trial Court entered an order in August 2019, denying Plaintiff's motion to strike the affirmative defense and granting Defendants' motion to dismiss. The Trial Court considered "documents outside the pleadings but within the file as maintained by the office of the Circuit Court Clerk" and stated that Plaintiff had not introduced additional evidence in the record other than responses to previously filed discovery. The Trial Court analyzed case law and concluded as follows concerning the issue of intentional delay of prompt service of the summonses:

> In the case at hand, it is the position of the Defendants that plaintiff's counsel intentionally delayed the issuance of service of process. The Defendant notes that the summons was promptly issued and the record of the Clerk of the Court indicates that the summons was going to be issued by the attorney for the plaintiff. The face of the summons reflects that the Plaintiff identified and chose to serve the Defendants through a corporate registered agent with a business address. The business address of the Registered Agent appears on the face of the summons. The Defendants argue, and this Court takes judicial notice of the fact, that the office of the Circuit Court Clerk is in the City-County Building located at 400 Main Street, Knoxville, Tennessee and the office for the agent for service of process for all defendants is located at 800 Gay Street, Knoxville, Tennessee, otherwise identified as the First Tennessee Bank Building, which is less than one block from the entrance to the courthouse. Additionally, the Defendant argues that the Plaintiff could have served the summons by first-class mail. The Court takes judicial notice of the fact that delivery by first-class mail would take significantly less time than 89 days.
>
> Plaintiff responds to the issue of lack of prompt service by stating that service was accomplished within 90 days and 90 days is "per se" proof of

prompt service.  Plaintiff's interpretation of Rule 4.01(3) is inconsistent with the plain meaning of the statute. As the Advisory Commission Comments [2016] state:  "[T]he underlying rationale for the subdivision (3) is that a person or entity named as a defendant in a complaint is entitled to learn without undue delay that the person or entity has been sued; although good-faith efforts to serve the defendant can necessarily take some time, subdivision (3) means that the plaintiff or plaintiff's counsel cannot intentionally delay the issuance or service of process for tactical reasons."  Rule 4.03(1) requires that the person serving the summons identify the person served and the manner of service. Rule 4.01(1) states the endorsed return shall be proof of time and manner of service.  See also, *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574, 347 S.W.2d 491, 492 (1961).  (Absent fraud, an officer's return is prima facie evidence that the facts stated in the return are true).  In this case, the return of service indicates that there was personal service on National Registered Agents, Inc. which is the party and address identified in the summons when it was issued on February 1, 2018.  Nothing on the return indicates that the registered agent was served at an address different than as set forth on the face of the summons.  If this Court were to find that counsel can wait for 89 days to serve, then subsection (3) of Rule 4.01 has no meaning or purpose.  Courts must interpret a statute or rule by giving the words their ordinary and plain meaning.  *Lind v Beaman Dodge*, Inc., 356 S.W.3d 889, 895 (Tenn. 2011).

While this Court is aware of the consequences of a ruling that there was an intentional delay in service, this Court does not believe it can read Rule 4.01(3) to define prompt service as "any time within 90 days".  Rule 4.01 uses the word "prompt[ly]" in both subsection (1) and subsection (3). The Advisory Commission Comments to 4.01(1) indicates that the use of the word "promptly" is "intended to emphasize that the clerk must issue the summons contemporaneously with, or soon after, the filing of the complaint".  It would be a strained meaning of "prompt" in 4.01(3) to define it in a significantly different manner than in subsection (1).  Tennessee Code Annotated § 16-15-901 and 902 address service of civil warrants in general sessions court.  Like Rule 4.01, plaintiff's counsel are permitted to serve warrants and the statute requires the return to be endorsed with proof of time and manner of service. However, Tenn. Code Ann. § 16-15-902 requires a prompt return of service and in subsection (b) requires that "[p]rocess shall be served within sixty 60 days of issuance." (emphasis added).  If our Supreme Court wanted service to have a time frame of 90 days it could have easily done so by using the same language as set forth in 16-15-902.  Instead, Rule 4.01(3) utilizes "prompt" service of process.

Unlike *Crabtree* [*v. Lund*, No. E2009-01561-COA-R3-CV, 2010 WL 4272738, at *6 (Tenn. Ct. App. Oct. 28, 2010)], there is no indication in the record of any attempt to deliver the summons to the Defendants at any time prior to May 1, 2018. There is adequate proof in the record that the Plaintiff knew who to serve and where to serve them. The Defendants have established the physical location of the office and this Court takes judicial notice of the distance between the building where the Clerk's office is located and the physical location of the Registered Agent. The Defendants have further established that even if the Plaintiff did not want to hand deliver, as they ultimately did, they could have delivered the summons using the mail and it would have been delivered long before the date the summons was served.

As stated in *Milton v Etezadi*, [No. E2012-00777-COA-R3-CV, 2013 WL 1870052 (Tenn. Ct. App. May 3, 2013)], it is proper for the court to consider evidence outside the pleadings when faced with a motion to dismiss based on insufficiency of process. While the Plaintiff argues that 90 days is timely service as a matter of law, Plaintiff filed no affidavit stating that they thought they had 90 days to serve and submitted no evidence that they "negligently or even stupidly" failed to timely serve. The argument proposed by the plaintiff is that prompt means 90 days and if [it] doesn't, they are protected by the fact that it is impossible to prove intentional delay. If Rule 4.01 is to have any meaning, prompt must mean prompt and intentional delay can be proven based upon a reasonable inference of facts in the record without resort to discovery of plaintiff's counsel.

As Judge Swiney indicated in *Crabtree*, there is no requirement in Rule 4.01 that the Defendant's prove that the Plaintiff was attempting to gain some type of advantage. The Defendant must prove delay and they must prove intent. Without any proof to the contrary, this Court finds that it is reasonable to infer that the delay was intentional. Plaintiffs response merely states that: "the rule allows 90 days and does not differentiate between day 1 and day 90." Prompt is not synonymous with 90 days. The clear language of the statute requires prompt service. Based upon these facts, the Defendant has met their burden to establish delay and intentional delay.

Concerning the issue of whether Defendants waived the affirmative defense of insufficient service of process, the Trial Court analyzed relevant case law and concluded:

Plaintiff argues that the Defendants have waived the affirmative defense regarding service of the summons because the Defendants did not

assert facts to support their defense as required by Rule 8.03 of the Tennessee Rules of Civil Procedure.

* * *

In the case at hand, the relevant affirmative defense is asserted in the answer of the Defendants filed on June 7, 2018 in paragraph 42 of the answer. "[I]t is denied that Plaintiff properly served defendants in accordance with Rule 4 of the Tennessee Rules of Civil Procedure.["]   This is not a case in which the Plaintiff served the wrong person or entity or served someone who was not an authorized agent.  In the case at hand, it is alleged that the Plaintiff did not serve the summons in compliance with Rule 4.  The defense was pled in the first responsive pleading and then a motion to dismiss was filed within six months.  Rule 8.05 states that every averment in a pleading shall be simple, concise and direct.  If the defense is based upon a statute (or in this case a rule), the pleading shall either specifically refer to the statute or state all the facts necessary to constitute the breach so that the other party can be apprised of the statutory violation.  The NHC Defendants did more than plead insufficiency of service, they pled that they were not properly served in accordance with Rule 4.  Plaintiff's Motion to Dismiss relies on the language of Rule 4 and the face of the summons which indicated that the summons was served by plaintiff's counsel 89 days after its issuance.

The Plaintiff filed a Motion to Compel Responses to Interrogatories and Requests for Production of Documents.  The Plaintiff's motion recites the fact that the Plaintiff serve[d] the interrogatories on May 1, 2018.  The Certificate of Service verifies that the discovery was served with the Complaint on May 1, 2018.  At that time, it had to be clear to counsel that the summons had been issued on February 1, 2018 and now 89 days later they were serving the complaint and discovery. (emphasis added)  Plaintiff attaches the Defendants responses to Request for Admissions to their Motion to Dismiss or Strike Insufficiency of Service of Process Defense.  Request No. 3 asks the Defendants to [A]dmit you have been properly served with the Complaint and Summons. Defendants respond by stating "[D]enied". Request No. 4 is admitted and the Defendant objects to the remaining five requests.  The Plaintiff then submits a separate single, interrogatory that directs the defendants, in the event they failed to admit any of the Requests for Admission, to state every fact upon which you base your denial, identify all documents that support your denial and the names of all individuals who have information to support the denial.  The Defendants respond with an Objection.  No motion to compel was filed as to these particular discovery responses.

The Court also notes that the Plaintiff did not return the service in this case to the Clerk of the Circuit Court until January 4, 2019 at 4:04 pm as reflected by the date stamp of the Clerk. Rule 4.03 of the Tennessee Rules of Civil Procedure requires the person serving the summons to promptly make proof of service to the court. Subsection (3) of Rule 4.03 states that failure to promptly file proof of service does not affect the validity of service. However, there is nothing in the rule that states that the delay cannot be considered as to the issue of waiver. Since the Plaintiff delayed filing the return of summons the Defendants did not have access to the actual return of service until January 4, 2019.

Based upon all the foregoing reasons this Court finds that the Defendant's affirmative defense as plead in its answer was properly pled and not waived under Rule 8.03 because it relies on Rule 4 and relies exclusively on the information contained on the face of the summonses which were equally available to the Plaintiff.

Following the Trial Court's judgment denying Plaintiff's motion to strike the affirmative defense and granting Defendants' motion to dismiss, Plaintiff timely appealed to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises the following issues for our review on appeal: (1) whether Defendants waived the affirmative defense of insufficiency of service of process by failing to state specific facts to support the defense in their answer pursuant to Tennessee Rule of Civil Procedure 8.03 and (2) whether the Trial Court erred by granting Defendants' motion to dismiss the complaint for insufficiency of service of process upon a finding that Plaintiff intentionally delayed service of process pursuant to Tennessee Rule of Civil Procedure 4.01(3).

As this Court has stated:

Considering an appeal from a trial court's grant of a motion to dismiss for insufficiency of service of process, we view all factual allegations in the complaint as true and review the trial court's conclusions of law *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Fisher v. Ankton*, No. W2016-02089-COA-R3-CV, 2017 WL 3611035, at *3 (Tenn. Ct. App. June 27, 2017) (citing *Mid–South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19 (Tenn. Ct. App. 2010)).

Motions to dismiss are governed by Rule 12.02 of the Tennessee Rules of Civil Procedure and may include motions based upon insufficient service of process or failure to state a claim upon which relief may be granted. According to Rule 12.02: "If, on a motion asserting the defense [of] failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]" Tenn. R. Civ. P. 12.02. However, "even though the trial court consider[s] matters outside the pleading, the motion [is] still properly treated as a motion to dismiss since in involves [the] issue[ ] of service of process." *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052 (Tenn. Ct. App. May 3, 2013). In other words, when ruling on motions to dismiss regarding service of process, "a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment." *Fisher*, 2017 WL 3611035 at *3 (citing *Milton*, 2013 WL 1970052, at *3-*4).

*Davis v. Grange Mut. Cas. Grp.*, No. M2016-02239-COA-R3-CV, 2017 WL 4331041, at *2 (Tenn. Ct. App. Sept. 28, 2017). Additionally, our Supreme Court has instructed that when considering a motion to dismiss, the courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (quoting *Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31-32 (Tenn. 2007) (other internal citations omitted)). Although *Webb* involved a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), the rationale is the same for motions to dismiss pursuant to subsections (4) and (5). Therefore, if a trial court must make inferences concerning a motion to dismiss, it must give "the plaintiff the benefit of all reasonable inferences." *Webb*, 346 S.W.3d at 426.

We first will address whether Defendants waived the affirmative defense of insufficiency of service of process. According to Plaintiff, Defendants failed to support the defense in their answer with specific facts in compliance with Tennessee Rule of Civil Procedure 8.03. In their answer, Defendants pled as follows as an affirmative defense: "In further affirmative defense, it is denied that Plaintiff properly served Defendants in accordance with Rule 4 of the Tennessee Rules of Civil Procedure, and for same, Defendants move that the claims against them be dismissed in accordance with Rule 12.02(4) and (5) of the Tennessee Rules of Civil Procedure."

Tennessee Rule of Civil Procedure 8.03 provides that a party shall plead an affirmative defense by setting forth affirmative facts that are being relied upon in short and plain terms. "Insufficiency of service of process is an affirmative defense that must be presented in the defendant's answer or in a pre-answer motion." *Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009). A party's failure to comply with

the requirement set forth in Rule 8.03 will result in the waiver of that affirmative defense. *Id.*

In the present case, Plaintiff did not file the returns of the summonses until January 2019, approximately seven months after Defendants filed their answer with the Trial Court. We note that Defendants cannot be expected to include specific facts, such as service was completed on the first attempt, supporting their affirmative defense of insufficient service of process in their answer when those facts were not known to them. *See Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009) ("[The defendant] rightly argues that he cannot be expected to include facts in his answer that were unknown to him."). Although the *Allgood* Court determined that the defendant in that case had waived his affirmative defense when he did not attempt to amend his answer or otherwise correct misimpressions created in his answer, Defendants in the present case filed a motion to dismiss setting forth additional facts supporting their affirmative defense approximately two weeks after the returns of the summonses were filed with the Trial Court. Under the facts of this case, we find and hold, as did the Trial Court, that Defendants did not waive the affirmative defense of insufficiency of service of process.

We next address whether the Trial Court properly granted Defendants' motion to dismiss due to insufficient service of process. In their motion to dismiss, Defendants cited to Tennessee Rules of Civil Procedure 4.01(3) and 12.02(4) and (5). Tennessee Rule of Civil Procedure 12.02 provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (4) insufficiency of process, (5) insufficiency of service of process.

Tennessee Rule of Civil Procedure 4.01(3) provides: "If a plaintiff or counsel for a plaintiff (including a third-party plaintiff) intentionally causes delay of prompt issuance or prompt service of a summons, the filing of the complaint (or third-party complaint) will not toll any applicable statutes of limitation or repose." The 2016 advisory commission comment for Rule 4.01 provides that "[t]he underlying rationale for subdivision (3) is that a person or entity named as a defendant in a complaint is entitled to learn without undue delay that the person or entity has been sued; although good-faith efforts to serve the defendant can necessarily take some time, subdivision (3) means that the plaintiff or plaintiff's counsel cannot intentionally delay the issuance or service of process for tactical reasons."[1]

---

[1] The Trial Court cited to a dissent in *Crabtree v. Lund*, No. E2009-01561-COA-R3-CV, 2010 WL 4272738, at *6 (Tenn. Ct. App. Oct. 28, 2010), for the proposition that the movant does not have to prove a tactical reason for the intentional delay. We note that *Crabtree* was published in 2010. The subsequent

Defendants filed a motion to dismiss alleging that Plaintiff intentionally delayed service of process in this matter. Defendants attached a copy of the returns for the original summonses. As the Trial Court noted, service was issued promptly after the complaint was filed with the Trial Court and the original summonses had been designated as being served by the attorney, rather than the sheriff's department. It is undisputed that Plaintiff served Defendants' registered agent with process on the eighty-ninth day after issuance of the summonses.

Because Defendants' motion to dismiss relied on Tennessee Rule of Civil Procedure 12.02(4) and (5), the Trial Court considered facts outside the pleadings in making its decision on the motion to dismiss. *See Owens v. Muenzel*, No. E2018-00199-COA-R3-CV, 2018 WL 6721800, at *7 (Tenn. Ct. App. Dec. 21, 2018), *perm. app. denied* (Apr. 11, 2019) ("When ruling on a motion to dismiss regarding service of process, a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment." (internal citation omitted)). Defendants' registered agent for service of process appeared on the face of the summonses, and the Trial Court took judicial notice of the proximity of the registered agent's office from the courthouse where the summonses were issued. According to the Trial Court, the location of the registered agent was "less than one block from the entrance to the courthouse." Additionally, the Trial Court noted Defendants' argument that the summonses could have been served by first-class mail and took judicial notice of the fact that such delivery "would take significantly less time than 89 days." Defendants, however, presented no other evidence that Plaintiff had intentionally delayed service of process. In order for the Trial Court to find that Plaintiff had intentionally delayed service of process, the Trial Court had to and did make certain inferences in favor of Defendants.

Plaintiff did not present evidence concerning the service of process issue and instead argued that Plaintiff had ninety days to serve the original service of process on Defendants and that Defendants had not proven an intentional delay. In its judgment, the Trial Court pointed out Plaintiff's decision not to file an affidavit or present evidence in support of her argument. The Trial Court noted that Plaintiff had knowledge of "who to serve and where to serve them" and that the record lacked any evidence of previous attempts at service made by Plaintiff prior to May 1, 2018. The Trial Court also found that Plaintiff had not filed an affidavit to support her argument that she believed, perhaps negligently, she had ninety days to complete service or presented any evidence to support that Plaintiff had "negligently or even stupidly" failed to timely serve the Defendants. The Trial Court

2016 advisory commission comment for Tennessee Rule of Civil Procedure 4.01 stated in part that "subdivision (3) means that the plaintiff or plaintiff's counsel cannot intentionally delay the issuance or service of process for tactical reasons." It is not necessary for us to address in this case whether a tactical advantage is required pursuant to Rule 4.01(3).

ultimately granted Defendants' motion to dismiss upon its conclusion that "Defendants ha[d] met their burden to establish delay and intentional delay."

However, we note that Defendants filed the motion to dismiss and that the burden was on Defendants to prove that Plaintiff's delay in completing service of process was intentional. *See Crabtree v. Lund*, No. E2009-01561-COA-R3-CV, 2010 WL 4272738, at *6 (Tenn. Ct. App. Oct. 28, 2010). Additionally, it is not sufficient for Defendants to demonstrate a delay in serving process, but Defendants must show an "intentional" delay, pursuant to Tennessee Rule of Civil Procedure 4.01(3). *See Crabtree*, 2010 WL 4272738, at *6. "Without the requisite intentional conduct, the delay is immaterial as far as the effectiveness of the original filing is concerned." *Id.* This Court has held that the Tennessee Rules of Civil Procedure do not permit a plaintiff or his or her attorney to participate in a "waiting game" regarding service of process, and the attorney's or the plaintiff's intent to withhold service of process is the test under Rule 4.01(3). *Jones v. Cox*, 316 S.W.3d 616, 621 (Tenn. Ct. App. 2008).

Defendants rely on the case of *Fuller v. Allianz Life Ins. Co. of N. Am.*, No. E2018-02267-COA-R3-CV, 2020 WL 830067 (Tenn. Ct. App. Feb. 19, 2020), as being "directly on point." The Court in *Fuller* determined there was "no conflicting evidence on the dispositive issue" when the plaintiff chose not to present evidence rebutting the defendant's allegations of intentional delay. *Id.* at *9. This Court, therefore, affirmed the grant of summary judgment in favor of the defendant. *Id.* However, we note that the *Fuller* case is distinguishable because the defendant's motion in *Fuller* was treated as a motion for summary judgment, instead of a motion to dismiss. *See id.* at *6. The Trial Court in the present case treated Defendants' motion as a motion to dismiss under Tennessee Rule of Civil Procedure 12.02(4) and (5).

Furthermore, Defendants in the present case did not present an affidavit or other evidence sufficient to establish that Plaintiff or her attorneys had intentionally delayed service of process except for the returns of the original summonses that had been personally served on the eighty-ninth day following their issuance. The face of the summonses does not provide any evidence that the eighty-nine-day delay in service was intentional. The Trial Court's judicial notice of the proximity between the courthouse and Defendants' registered agent's office, as well as the Trial Court's judicial notice that Defendants would have been served sooner than eighty-nine days with service via U.S. Mail, do not sufficiently establish that the eighty-nine-day delay was intentional.

Although the Trial Court faults Plaintiff for not presenting evidence supporting her arguments, Plaintiff was not obligated to file an affidavit or present other proof that the eighty-nine-day delay was not intentional when Defendants had not shown an intentional delay in the first place to support its motion to dismiss. We have been shown nothing that makes the Trial Court's inferences in favor of the Defendants any more reasonable than

inferences that would have been in favor of the Plaintiff. Forcing Plaintiff to present evidence that a delay was not intentional without first requiring Defendants to present some actual proof and not just the Trial Court's inferences and resulting conclusions in favor of the movants that it was intentional is essentially placing the burden for Defendants' motion to dismiss on Plaintiff to establish a lack of intent, which is contrary to prior case law. *See Crabtree*, 2010 WL 4272738, at *6. Upon a review of the record, we determine that Defendants did not meet their burden of proving that the eighty-nine-day delay of service was intentional. As such, we reverse the Trial Court's grant of Defendants' motion to dismiss.

The Trial Court disagreed with Plaintiff's argument that completion of service of the original summonses within ninety days pursuant to Tennessee Rules of Civil Procedure 3 and 4 is "per se prompt service." Plaintiff also makes this argument on appeal. It is not necessary for us to address whether service of the original summonses completed within ninety days is necessarily timely because Defendants did not meet their burden on their motion to dismiss of showing an intentional delay in this case.

## Conclusion

The judgment of the Trial Court is affirmed in part and reversed in part, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the appellees, NHC Healthcare/Farragut, LLC; National Healthcare Corporation; National Health Corporation; National Health Realty, Inc.; and NHC/Delaware, Inc., and their surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

- 13 -